COMMONWEALTH *vs.* JAMES CAMPBELL.

Suffolk.   February 1, 1892. — February 24, 1892.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Evidence — Identity — Conversations with Officer.*

On an indictment, evidence of the defendant's personal appearance two years before the date of the alleged offence, and also at the time of his arrest two years after that date, is admissible upon the question of identity.

A conversation between a police officer and a defendant in a criminal case, which relates in part to the alleged offence and in part to other matters, is admissible only so far as it pertains to the offence ; and the admission of the whole conversation, as well as of separate conversations with the defendant having no relation to the crime charged, but tending to show that he was a notorious criminal, is erroneous.

INDICTMENT, for the larceny, on October 4, 1889, at Boston, of certain promissory notes and money, the property of one Wright.

At the trial in the Superior Court, before 'Bond, J., on the question of the identity of the defendant, the government in-troduced evidence of the appearance of his face on the date of the alleged offence. The government then offered evidence by means of a photograph as to how the defendant looked in the face in the year 1887, and also by the testimony of a police officer as to how he looked at the time of his arrest, in August, 1891. The defendant objected to the admission of this evi-dence, but the judge overruled the objection; and the defendant excepted.

The government offered to show, by the testimony of one Watts, a police officer, a certain conversation had by 'him with the defendant, which related not only to the larceny in ques-tion, but also to other matters not connected therewith. The defendant objected to the admission of so much of this conver-sation as did not relate to the alleged offence, but the judge ruled that the entire conversation was admissible; and the defendant excepted. Watts was then permitted to testify re-specting the whole of the conversation with the defendant, and in addition to give further conversations with the defendant, which did not relate to the offence charged in the indictment, but which went to show that the defendant was a professional thief, and had been engaged in numerous other larcenies throughout the country.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*P. J. Casey*, (*E. J. Jenkins* with him,) for the defendant.

*G. C. Travis*, First Assistant Attorney General, for the Com-monwealth.

BARKER, J. 1. The crime charged was committed in Octo-ber, 1889. We cannot say that upon the question of identity evidence as to the defendant's personal appearance in 1887, or at the time of his arrest in 1891, was too remote. *Common-wealth* v. *Quinn*, 150 Mass. 401, 404.

2. The court erred in permitting Watts to testify to the whole of his conversations with the defendant. The govern-ment should have been allowed to introduce only such portions of the conversations as pertained to the alleged offence. Not only was the witness not so restricted, but he was allowed to

testify to separate conversations with the defendant, having no relation to the crime charged, and apparently introduced with the sole purpose of showing that the defendant was a notorious criminal. *Commonwealth* v. *Keyes*, 11 Gray, 323, 325. *Straw* v. *Greene*, 14 Allen, 206. *Dale* v. *Wooldredge*, 142 Mass. 161, 184.

*Exceptions sustained.*