CAROLINE C. WILLIAMS *vs.* SAMUEL L. CLARKE.

.Middlesex.   November 10, 1902. — November 25, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Practice, Civil,* Exception, Appeal.

No exception lies to the refusal of a judge to stop a witness who is about to answer a question in regard to a conversation a part of which is competent.   The judge may permit the question to be answered in order to determine whether the evidence is admissible or not, and after it is answered the objecting party can ask to have the portion that he objects to stricken out.

No appeal lies from a judgment entered under R. L. c. 173, § 109, authorizing a judge to order judgment and award execution notwithstanding the allowance of exceptions.

CONTRACT on an account annexed for services as a housekeeper.   Writ dated October 22, 1900.

At the trial in the Superior Court before *Hardy,* J., the jury returned a verdict for the plaintiff in the sum of $671.45; and the defendant alleged exceptions.

On March 5, 1902, the defendant's exceptions were allowed. On March 10, 1902, the plaintiff moved for judgment under R. L. c. 173, § 109, on the ground that the defendant's exceptions were frivolous, immaterial and intended for delay.   The judge allowed the motion and ordered judgment to be entered on the first Monday in April and execution to be awarded.   On March 25, 1902, the defendant appealed from this order.

*J. W. Ramsey,* for the defendant.

*J. L. Powers,* for the plaintiff.

HOLMES, C. J.   This is an action on an account annexed for services as a housekeeper.   At the trial the plaintiff was asked concerning a certain conversation with the defendant, in which, according to another witness, the defendant admitted liability. The parties are colored, and the plaintiff, when she began her account of what was said, seemed more anxious to put in an innuendo concerning some white women whom, she said, the defendant announced his intention of having in the house, than to tell the more material part of the talk.   The defendant excepted to the refusal of the court to stop the witness when she

was about to state what she said to the defendant, the court ruling that the whole conversation might go in if any part was competent. This is the only question before us on the bill of exceptions. As to this it would be enough to say that when the objection was taken, the judge stated that he did not know what the objection was, and that the defendant's counsel made no explanation. It seemed from the moment of the interruption an objection to a statement of anything said by the plaintiff. But had the objection been made more specific, no one could have said at that time that what the plaintiff proposed to testify was so remote from the material point that it should be excluded on the principle stated in *Commonwealth* v. *Keyes*, 11 Gray, 323, 325; *Commonwealth* v. *Campbell*, 155 Mass. 537. The judge had to hear it in some form before he could decide, and it was for the defendant to move for a direction that it should not be considered by the jury if he thought that it was incompetent after it was in. See *Brady* v. *Finn*, 162 Mass. 260, 267. This the defendant did not do, and the judge was not called upon to recur to the matter. We understand that the only ruling excepted to was made before the whole conversation was put in, and that the court did not commit the error of declaring separable scandalous and irrelevant matter admissible merely because it was part of the same tale.

The court ordered judgment and awarded execution, notwithstanding the exceptions, under R. L. c. 173, § 109, authorizing a judge to make such orders if he finds that the exceptions "are immaterial, frivolous or intended for delay." The defendant appealed before the order by its terms had taken effect. This appeal remains to be disposed of. One purpose of the section, as is apparent from the quoted words, is to prevent delay when the exceptions do not spread a doubtful question of law upon the record. It cannot have been intended to allow the party taking the frivolous exceptions to make the law nugatory by an appeal. The only question of law apparent on the face of the record, except whether the judgment is warranted by the pleadings, is that which the trial judge is authorized to declare frivolous, and when the appeal is simply on the ground of the exceptions it should be dismissed. In other cases the merely formal possibility of denying that the record warranted the judg-

ment where there is no ground on which it can be disputed, has not prevented the dismissal of an appeal. *Fay* v. *Upton*, 153 Mass. 6. If we suppose a case in which exceptions were sustained after an execution had been collected, the judgment would be avoided and the defendant would have his remedy.

*Exceptions overruled; appeal dismissed.*