JOHN W. PETERSON, APPELLANT, v. ADELBERT B. ANDREWS, APPELLEE.

FILED DECEMBER 10, 1910. No. 16,238.

1. **Trial: ADMISSION OF EVIDENCE: DISCRETION OF COURT.** The reception of evidence collateral to the main issue, which may throw some light upon facts in dispute, or which may bear upon the credibility of witnesses, is ordinarily within the sound legal discretion of the trial court, and unless prejudice appears it is no ground for reversal.

2. **Appeal: IMMATERIAL EVIDENCE: HARMLESS ERROR.** An answer of a witness which should have been stricken out as being immaterial and the conclusion of the witness is not prejudicial unless it fairly appears from the record that the answer was calculated to mislead the jury to the injury of the moving party. *Peaks v. Lord,* 42 Neb. 15.

3. ———: **INSTRUCTIONS: REVIEW.** A party will not be heard to complain of an instruction which follows the averments of his pleading and the evidence offered by him in support thereof.

4. ——: VERDICT: CONFLICTING EVIDENCE. "A verdict rendered on substantially conflicting evidence, and approved by the trial court, will not be set aside on the ground that it is not sustained by adequate proof." *Brong v. Spence*, 56 Neb. 638.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Lewis C. Paulson,* for appellant.

*M. D. King, contra.*

FAWCETT, J.

The controversy in this case is over a load of corn, worth about $30. It was tried in the county court, and an appeal taken to the district court, where there was a verdict and judgment for defendant, and plaintiff appeals.

Plaintiff alleges that, through his tenant, he delivered to defendant four loads of corn of the aggregate of 232 bushels; that it was agreed between plaintiff and defendant that defendant was to grind the corn into corn chops, for which plaintiff was to pay at the rate of 5 cents per hundred pounds; that defendant refused to grind the last or fourth load of corn of the aggregate of 58 bushels and refuses to pay for said load of corn, and has converted the same to his own use, to plaintiff's damage in the sum of $30.16. In his answer defendant admits that plaintiff delivered three loads of corn, for which he alleges settlement was made in full, and denies the delivery of the fourth load. The evidence as to whether or not a fourth load was ever delivered is clearly conflicting; so much so that a verdict either way would find sufficient evidence in the record to sustain it. Plaintiff's contention, therefore, that the verdict is not sustained by sufficient evidence, must fail. Plaintiff further insists that the court erred in excluding the testimony of the witnesses Blackburn and Christensen. Whatever corn was delivered by plaintiff to defendant was hauled to the mill by plain-

tiff's tenant, one A. C. Peterson. 'At the time the controversy arose between the parties Peterson had removed from plaintiff's farm to one of his own several miles distant. During a discussion between plaintiff and defendant of the matter in dispute, one Lauritz Nelson was present. At plaintiff's request he called up the tenant, A. C. Peterson, and asked him how many loads of corn he had delivered to defendant for plaintiff. Peterson answered that he thought it was two or three loads, but was not sure which. A few hours later, and on the same day, Peterson called up Nelson and stated that, after thinking the matter over, he was sure that he had hauled three loads. Upon the trial of the case, plaintiff introduced Peterson as a witness, and he then testified that he was sure he had hauled four loads. When interrogated as to his reason for saying he was sure he had hauled four loads, he stated that he remembered it because of the fact that he hauled the first two loads with his own wagon; that he then had a breakdown, and that he borrowed a wagon from his neighbor, Christensen, with which he hauled the other two loads; that, when he hauled the third load, he put the broken hind wheels of his wagon on the load and took them to Blackburn's blacksmith shop, and, when he hauled the fourth load, he went to the blacksmith shop and got his wheels and took them home with him. The testimony which the court excluded, and for the exclusion of which plaintiff now complains, is the testimony of Christensen that he loaned Peterson his wagon for the purpose, as stated by Peterson, that it was to haul corn for plaintiff, and the testimony of Blackburn as to the fact and time of his repairing Peterson's wagon wheels. This testimony was offered, of course, for the purpose of corroborating, by these collateral facts and circumstances, the testimony of Peterson; but this was entirely unnecessary, as no attempt was made to controvert Mr. Peterson's testimony as to the breaking of his wagon, the borrowing of Christensen's wagon, and the repairs made by Blackburn. We think, under the circum-

stances shown, that, while it would not have been error on the part of the court to have received such testimony and to have permitted it to go to the jury, it was not error to exclude it. The admissibility of such evidence is largely within the discretion of the trial court. In *Citizens Bank v. Warfield*, 85 Neb. 328, we held: "The reception of evidence collateral to the main issue which may throw some light upon facts in dispute is ordinarily within the sound legal discretion of the trial court, and unless prejudice appears it is no ground for reversal." In *Schenck v. Griffin*, 38 N. J. Law, 462, it is held: "The admission of evidence of extraneous circumstances not material to the issue which bear remotely on the issues involved in the cause, or upon the credibility of witnesses, is within the discretion of the judge, and its admission or rejection is no ground for reversal on error." The district court did not err in excluding the testimony referred to.

While upon the stand as a witness defendant was asked this question: "What do you say, Mr. Andrews, about this renter, or tenant, ever delivering to your mill, or to you at your mill or elevator, any other of this corn than what your books show excepting the three loads? A. According to my best knowledge and belief, I don't believe the corn was ever brought to the mill." Plaintiff moved to strike out the answer as irrelevant, immaterial, and as being the conclusion of the witness, which motion was overruled. In this ruling we think the district court erred; but we do not think, in the light of the examination which followed, that this answer could have prejudiced plaintiff in the minds of the jury. The next question asked was: "What do you say as to whether or not this fourth load was ever delivered to you personally? A. According to my knowledge, it was never delivered to me." This was the last question upon direct examination, and was immediately followed by the following question upon cross-examination: "Q. You say that all you know about it is what your books show about the delivery of the corn?

A. Yes, sir; that is all I know about any corn having been delivered to the mill by Mr. Peterson." This, together with the entire examination of defendant, shows that defendant does not assume to have any actual knowledge, and also shows that the ground of his belief, as expressed in the objectionable answer, was simply the fact that his books did not show the delivery of such corn. We do not think the error is sufficient to warrant a reversal of the case.

Objection is made to instruction No. 2, given by the court, in which the court instructed the jury that, in order to recover, the plaintiff was required to prove: (1) That he delivered four loads of corn to defendant. (2) The number of bushels contained in said loads. (3) The value of said corn per bushel at the time of the delivery thereof. Plaintiff insists this was error, for the reason that "the jury might well say that there was no proof on the part of the plaintiff as to the four loads. We were only required to prove as to the one load—the fourth load." The instruction follows the averments in the petition and the proofs offered by plaintiff in support thereof. Such being the fact, the objection is without merit.

The last complaint is that the court erred in instructing the jury that, if they found for plaintiff, the measure of his damages would be "the value of the corn on the date of delivery," which was in March or April, while plaintiff contends that his measure of damages would be the value of the corn in the following December, at the time he demanded payment therefor. It is unnecessary to consider this point, as plaintiff was not prejudiced by the giving of the instruction, for the reason that the jury did not find for plaintiff.

Finding no reversible error in the record, the judgment of the district court is

AFFIRMED.

Rose, J., not sitting.