JAMES H. HORNEY, APPELLEE, v. CHAUNCEY C. MCKAY ET AL., APPELLANTS.

293 N. W. 98

FILED JUNE 21, 1940. No. 30850.

*Hartigan & Skultety,* for appellants.

*Denney & Denney,* contra.

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is an action at law on a note. The defense was payment. The verdict was for the plaintiff for the amount of the note with interest. Defendants appeal.

The evidence of the defendants is that on or about the date of the note they purchased from the plaintiff two 1934 Chevrolet trucks at $400 each, a 1935 Chevrolet tractor at $400, and a home-made trailer at $300. Payment was made by delivering the note in suit in the amount of $800, a check for $200, cash in the amount of $130.60, and the surrender of a note owed by plaintiff to the defendants in the amount of $369.40. Defendants testify that one of the trucks was returned and credited at the agreed price of $400, and that $400 was obtained from the City Investment Company and paid to plaintiff as complete satisfaction of the note.

Plaintiff's evidence is to the effect that plaintiff sold defendants two 1934 Chevrolet trucks at $400 each, a 1935 tractor at $500, and a trailer at $700. Plaintiff also testifies that defendants took tires, oil and gasoline in the amount of $115.10. Plaintiff says that payment was made by the giving of a check for $200, crediting a note due defendants upon which was due $310, and the payment of $5.10 in cash. These items paid the item of $115.10 and provided an initial payment of $400 of the purchase of the trucks, tractor and trailer. One truck was returned for a credit of $400. An additional $400 was subsequently paid by a check signed by the City Investment Company, and the balance evidenced by the $800 note in suit.

The evidence supporting the diverse contentions of the parties was very conflicting and clearly raised issues properly determinable by a jury. In the absence of error, the verdict must stand.

Defendants complain of the action of the trial court in overruling their objection "to the plaintiff's claim that he has the right to open and close in the giving of evidence in

this case for the reason that the issue is based upon an affirmative defense in the answer and the defendants have the burden of starting and going forward with the evidence." We do not think the defendants were prejudiced by the court's ruling. It appears that, after the overruling of defendants' motion, plaintiff laid the foundation for the offering of the note in evidence, then offered the note and rested his case. A trial court is invested with much latitude as to the time and order in which evidence shall be introduced. Ordinarily, the order of proof is a matter of discretion, which will not be disturbed in the absence of prejudice. *Berggren v. Hannan, O'Dell & Van Brunt*, 116 Neb. 18, 215 N. W. 556; *Pennsylvania Co. v. Kennard Glass & Paint Co.*, 59 Neb. 435, 81 N. W. 372.

Defendants urge that the trial court erred in depriving them of the right to open and close the oral arguments to the jury. The record does not show that defendants requested or demanded this right at the close of the evidence, or at any other time. No request or demand having been made, error cannot at this late time be predicated thereon.

We have examined the instructions given by the court, and find nothing therein prejudicial to the rights of the defendants. There is ample evidence in the record to sustain the verdict. The judgment of the trial court based thereon is in all respects correct. The judgment is therefore affirmed.

AFFIRMED.