87 N.W.2d 378 (1958)
165 Neb. 752
Wesley Harms PEERY, Plaintiff in Error,
v.
STATE of Nebraska, Defendant in Error.
No. 34258.
Supreme Court of Nebraska.
January 10, 1958.
*380 Doyle, Morrison & Doyle, Lincoln, for plaintiff in error.
Clarence S. Beck, Atty. Gen., Richard H. Williams, Asst. Atty. Gen., for defendant in error.
Heard before SIMMONS, C. J., and CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.,
YEAGER, Justice.
This is a criminal action prosecuted in the name of the State of Nebraska, wherein Wesley Harms Peery was prosecuted for the crime of breaking and entering a residence with intent to steal property of value. He was convicted of the charge by a jury and was duly sentenced to serve a term of 5 years in the State Penitentiary. He filed a motion for new trial which was overruled. By petition in error to this court he seeks a reversal of the judgment of the district court. By his petition in error he prays for a dismissal but on his assignments of error he seeks no such relief. By his presentation he seeks only a new trial. For the purposes of this opinion he will be referred to as the defendant.
By the information on which the defendant was tried it was charged that on January 15, 1956, he broke and entered the residence of E. H. Masters with the intent to steal in that residence property of value. The evidence adduced on the trial to sustain the conviction was in all material respects circumstantial. We are not however called upon on this review to consider the weight of the evidence and its sufficiency to convict the defendant. The assignments of error do not raise any such question. The assignments of error, except two, direct attention only to errors of law occurring at the trial. The other two collectively suggest only that the court erred in failing to grant a new trial on account of the alleged errors of law occurring at the trial pointed out specifically by the other assignments. These two are the first and the tenth. Because of their character further reference to them is not required.
The evidence discloses that at some time between 5:30 p. m. and 10:30 p. m. on January 15, 1956, the residence of Eugene Masters, named as E. H. Masters in the information, was criminally broken into and entered. A .38 caliber Colt Detective Special revolver was stolen at that time, as was also a holster. About this no question was presented on the trial. The material question presented was that of whether or not the defendant was the person who broke and entered the residence and stole the revolver and holster.
As a step in proof that the defendant had committed the crime the State called as witnesses Charles W. Winkler and his wife, Bernice Winkler. Charles W. Winkler testified that between 6:30 p. m. and 7 p. m. on January 15, 1956, a man entered their residence with a revolver in his hand; that he did not see his face; that he observed his appearance; that he heard him talk; that he saw an automobile standing across the street; and that his residence was approximately a half block east of the residence of Masters. He further testified that on January *381 30, 1956, he was called to the police station where he saw and identified the defendant as the person he saw in his home on January 15, 1956; that he saw the automobile at the police station which was parked across the street from his house on the evening of January 15, 1956; and that he identified a revolver as one of the same type as the one held by the defendant on January 15, 1956. The testimony of Bernice Winkler was substantially the same as that of her husband.
The evidence without question identified the automobile as one which was owned by the defendant and found in his possession on January 30, 1956, and that on that date the revolver was found in the automobile. The revolver and holster were found in the automobile by a police officer.
Mary E. Billingsley was called as a witness on behalf of the State. She testified in substance that on January 21, 1956, as she was proceeding in an automobile eastward from Lincoln, Nebraska, through Sarpy County, Nebraska, she was stopped at gun point by the defendant and that the gun was the revolver which was exhibited to her at the trial. This was the revolver which was taken from the automobile of the defendant on January 30, 1956. She also identified the photograph of an automobile as that of the one which was being operated by the defendant on January 21, 1956. This was a photograph of the automobile owned by the defendant on January 30, 1956.
This is a brief summary of the chain of facts and circumstances on which the issue of the defendant's guilt was submitted to the jury, and as pointed out it is not contended that it was insufficient for that purpose.
The sixth assignment of error deals with the admissibility of testimony of the witness Billingsley.
The evidence of this witness related to an incident which took place 6 days after the crime for which the defendant was prosecuted in this case. It is urged that her testimony as to possession of the revolver and the automobile on that date was inadmissible. A valid reason for this contention does not appear. Evidence of the theft of the revolver a few minutes before it was seen in the possession of the defendant and further evidence that it was possessed by him on the 6th and 15th day thereafter was certainly evidence of circumstances that the jury had the right to consider in determining whether or not he obtained it in the manner contended for by the State in this case.
This same witness was allowed to testify to the circumstances under which her attention was directed to the revolver and the automobile. By the third assignment of error it is urged that the evidence as to these circumstances was inadmissible on the ground that it was evidence of another crime and not admissible under the general rule announced in Fricke v. State, 112 Neb. 767, 201 N.W. 667, 668, as follows: "As a general rule, evidence of other crimes than that with which the accused is charged is not admissible in a criminal prosecution." See, also, Abbott v. State, on motion for rehearing, 113 Neb. 524, 206 N.W. 153; Stagemeyer v. State, 133 Neb. 9, 273 N.W. 824; Turpit v. State, 154 Neb. 385, 48 N.W.2d 83; Grandsinger v. State, 161 Neb. 419, 73 N.W.2d 632.
It must be said however that this rule has no application to the situation presented here. There was no effort in the present case to prove the crime charged by evidence of another crime. It is true that the evidence adduced had in it an indication of the commission of another crime but proof of another crime was not the purpose of the evidence. The purpose and the direct effect of the evidence was to disclose possession of the revolver and the automobile in the defendant. This was proper. A comparable situation was presented in Grandsinger v. State, supra [161 Neb. 419, 73 N.W.2d 645]. The only difference was that the evidence in that case related to an incident of possession a short time before a crime was committed and here it was a short time after the crime was committed. *382 This court in that instance said: "Such evidence was admitted for the sole and limited purpose of showing that defendant had such a pistol at that time and his ability to use it. The trial court so affirmatively instructed the jury and defendant's contention has no merit." The evidence which provides the basis for this assignment of error was clearly admissible.
By the fourth assignment of error it is contended that the court erred in admitting in evidence a photograph of the defendant's automobile without foundation. The exhibit was properly identified. The foundation for its admission was laid in part by one witness and in part by another. Even if proper foundation had not been laid the error would be without prejudice since the record does not disclose any dispute about either identity or ownership.
By the fifth assignment of error it is urged that the court erred in allowing the police officer who saw and examined the defendant's automobile to state the reason why he made that examination. His reason was, as he stated, that the police department had a "pickup" order for an automobile with contents of a certain description and that the defendant's automobile with its contents conformed to that description. While strictly speaking this evidence was not admissible the error in its admission was clearly harmless. It is not pointed out that it was prejudicial. The applicable rule is the following: "An answer of a witness which should have been stricken out as being immaterial and the conclusion of the witness is not prejudical unless it fairly appears from the record that the answer was calculated to mislead the jury to the injury of the moving party." Peterson v. Andrews, 88 Neb. 136, 129 N.W. 191. See, also, Berggren v. Hannan, Odell & Van Brunt, 116 Neb. 18, 215 N.W. 556; Horney v. McKay, 138 Neb. 309, 293 N.W. 98.
On the trial, as has been pointed out, Bernice Winkler was a witness for the State. In her testimony, also as pointed out, she related incidents occurring at her home on January 15, 1956, which furnished the background of the identification of the defendant made on January 30, 1956. On the trial she was asked what she did following the departure of the man who came into her home with a revolver in his hand. Among other things she said: "I called our daughter and told her that we had been robbed * * *." On this account the defendant moved for a mistrial which was overruled. By the seventh assignment of error he contends that this ruling entitles him to a new trial. The theory of the motion was that this was in proof of another crime and therefore prejudicial to the right of the defendant to a fair trial.
It may be conceded that under strict rules of evidence this statement was subject to objection, but it may not well be said that the defendant was prejudiced thereby. Under authority already cited herein unless prejudice flowed from the statement its appearance in the evidence furnished no ground for reversal. As indicated hereinbefore in this opinion a witness may, as foundation for identification of a person or property, testify to the facts and circumstances on which the identification is based. Under this theory the witness could properly have been allowed to testify to a robbery which furnished the basis for identification without the commission of error. This being true it is difficult to see how the same information coming in as it did in the present instance could be regarded as prejudicial error.
By the eighth assignment of error it is contended that the court erred in refusing to declare a mistrial on account of the following statement alleged to have been made by the prosecuting attorney in his closing argument: "`We didn't go into the deal about what happened up there with Wesley Peery after she got into the car.'" This had reference to the entire occurrence taking place in Sarpy County, Nebraska, a part of the incidents of which were testified *383 to on the trial by the witness Billingsley.
The defendant in this instance properly preserved his exception to the remark made by the county attorney. The statements made by a county attorney in the closing argument to which exception is taken must appear in the bill of exceptions. In the absence of the appearance of the statements there is nothing which becomes the subject of review. See, Hamblin v. State, 81 Neb. 148, 115 N.W. 850; Thornton v. Davis, 113 Neb. 529, 204 N.W. 69; Sandomierski v. Fixemer, 163 Neb. 716, 81 N.W.2d 142.
The statement however may not be regarded as prejudicial. Obviously it was observable by the jurors and they knew from what had been said that this was an occurrence the full details of which were not disclosed or "gone into" on the trial. The statement was but a simple reminder of what they already knew. It may not well be said that the defendant was prejudiced by this simple reminder.
By the ninth assignment of error the defendant asserts that the court should have declared a mistrial on account of a statement of the prosecuting attorney made in the closing argument with regard to his personal experience with the Lincoln police department.
In this connection it is pointed out here that in the motion for mistrial the defendant called attention to no statement made by the prosecuting attorney either in tenor or effect. The motion made is the following: "Secondly, he, in his closing argument, referred to personal experiences with the Lincoln Police Department as Deputy County Attorney, of course, there being no evidence in the record about his experiences with the Lincoln Police Department."
As pointed out in the consideration of the eighth assignment of error, the statements to which exception is taken must appear in the bill of exceptions, and in the absence of such appearance there is nothing which becomes the subject of review.
The second assignment of error, and the last to be considered herein, contains a contention that the court admitted impeaching evidence of a witness without proper foundation. This relates to the evidence of Charles A. Baldwin, a witness who testified on behalf of the defendant, and impeachment testimony given by Clarence A. Schwarz, a witness called in rebuttal by the State.
It was said in Meyers v. State, 112 Neb. 149, 198 N.W. 871: "Before a witness, not a party to the suit, can be impeached by proof that he has made statements contradicting or differing from the testimony given by him upon the stand, a foundation must be laid by interrogating the witness himself as to whether he has ever made such statements." See, also, Wood River Bank v. Kelley, 29 Neb. 590, 46 N.W. 86; Hanscom v. Burmood, 35 Neb. 504, 53 N.W. 371; Zimmerman v. Kearney County Bank, 59 Neb. 23, 80 N.W. 54; Bartek v. Glasers Provisions Co., Inc., 160 Neb. 794, 71 N.W.2d 466.
In this case there was a strict compliance with this rule. Baldwin was asked on cross-examination if, during an investigation made by Schwarz on January 31, 1956, he had not made certain statements which conflicted with portions of his testimony given in his direct examination on the trial. His answers were in part equivocation and in part denial. Schwarz testified on rebuttal in response to proper questions that Baldwin did on January 31, 1956, make the statements about which inquiry of him had been made on cross-examination. The assignment of error is without merit.
The record in this case discloses no ground for reversal. The judgment of the district court is therefore affirmed.
Affirmed.
CHAPPELL, J., participating on briefs.