STATE OF NEBRASKA, APPELLEE, v. STANLEY PUTNAM, APPELLANT.

133 N. W. 2d 605

Filed March 12, 1965. No. 35854.

Kerrigan, Line & Martin, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

Defendant was charged in the district court for Dodge County with the offense of breaking and entering a

building occupied by the Farmers Union Elevator, Nickerson, Nebraska, on September 10, 1963, with the intent to steal property of value contained in the building. By a second count defendant was charged with being an habitual criminal. Defendant entered a plea of not guilty. The jury found the defendant guilty as charged and defendant was sentenced to penal confinement for a term of 15 years. Defendant has appealed.

The evidence shows that during the early morning hours of September 10, 1963, a building occupied and operated by the Farmers Union Elevator, Nickerson, Nebraska, was broken into and a large amount of property, listed and valued at $605.15, was stolen. The property was loaded into a pickup truck belonging to the Farmers Union Elevator and hauled to an acreage near Kennard, belonging to one Craig. Craig drove the pickup truck back to Fremont and left it on the street. It was recovered about 8:30 a.m. the next day. Craig testified that he and defendant went to the building of the complaining witness after midnight on September 10, 1963, where entrance was gained. They loaded the pickup truck, belonging to the Farmers Union Elevator, and transported it to Craig's acreage, as heretofore stated. He describes the merchandise taken as funnels, squirt cans, hammers, augur bits, and antifreeze. He could not identify the articles as the specific ones taken. A former employee of the Farmers Union Elevator testified that the price markings on the stolen merchandise found were in his handwriting. The evidence is convincing that the defendant and Craig unlawfully and feloniously entered the building of the Farmers Union Elevator and took the merchandise as alleged. The sufficiency of the evidence is not questioned if it was properly admitted.

The defendant filed a motion to suppress the evidence obtained under a search warrant issued out of the county court of Washington County. After a hearing the trial court held the search warrant to be void as not being

in compliance with the authorizing statute, sections 29-812 to 29-821, R. S. Supp., 1963. The trial court's order, suppressing the evidence, sustained the motion as to items of personal property "taken under a purported search warrant and also as to items taken from defendant's automobile." Subsequently the trial court permitted the State to withdraw its rest and submit additional evidence. The trial court thereafter limited the evidence suppressed to that taken under the void search warrant and did not suppress that taken from the trunk of defendant's automobile. The defendant contends it was prejudicial error for the trial court to permit the State to withdraw its rest and offer additional evidence, and that the exclusion of the items taken from the automobile from the order to suppress was erroneous.

It is the contention of the defendant that the court's order, limiting the suppression of evidence to those items taken under the void search warrant and excluding the exhibits taken from defendant's automobile, is void because not authorized by sections 29-812 to 29-821, R. S. Supp., 1963. We do not deem this to be a controlling factor. This is a special statutory proceeding conducted prior to trial. The trial court may, in its discretion, vacate erroneous orders over which it still has jurisdiction. The statute is indicative of this conclusion in stating: "Issues of fact arising on motions to suppress shall be tried by the court without a jury, in a summary manner, on affidavits or otherwise, as the court may direct. No evidence shall be suppressed because of technical irregularities not affecting the substantial rights of the accused." § 29-823, R. S. Supp., 1963.

Defendant further contends that the trial court erred in permitting the State to withdraw its rest after the hearing on the motion to suppress and the entry of its subsequent order thereon. This is a matter within the sound discretion of the trial court. The rule is the same in this special proceeding as in civil cases. See Bartels v. Meyer, 136 Neb. 274, 285 N. W. 2d 698. Even in crim-

inal prosecutions the withdrawal of a rest in a trial on the merits is within the discretion of the trial court. Kurpgeweit v. State, 97 Neb. 713, 151 N. W. 172.

The defendant contends that the admission in evidence of items of merchandise taken from his automobile was prejudicial error. The evidence discloses that on September 17, 1963, sheriff Sutherland and deputy sheriff Spanton of Washington County and sheriff Brainard and deputy sheriff Parker of Dodge County proceeded to defendant's farm in Washington County to search for items of stolen merchandise with a search warrant subsequently held to be void. The defendant and his wife approached the farm while the search was being made, observed the officers, and took off to the south. The officers gave chase and apprehended defendant and his wife at a point 4¼ miles south and 2 miles east of defendant's farm. Both were immediately arrested. Spanton looked in the car and removed a loaded rifle and a shotgun from the trunk of the car. Parker also looked in the trunk and saw some hammers and oil cans in the trunk which he did not then remove. The officers then took defendant, his wife, and defendant's automobile back to defendant's farm, where the items of merchandise were removed from defendant's car in the presence of defendant. They were tagged, turned over to the authorities of Dodge County, and were admitted in evidence at the trial, over the objection of defendant that they were seized during an unlawful search and seizure.

The witness Parker testified that the officers had information warranting the arrests and search of the defendant's automobile wholly disconnected from the search of defendant's farm under the void search warrant. In this connection Parker testified that the officers had reports that defendant was selling tires and batteries from the two cooperatives in Nickerson and Scribner. They had further information that defendant was selling antifreeze for $1 per gallon which they had reason to believe came from the Farmers Union Eleva-

tor at Nickerson. On cross-examination Parker testified that on the day previous they had interviewed several employees in a manufacturing plant in Blair to whom merchandise had been sold by defendant, some at reduced prices. They had the names of persons who had bought merchandise from defendant similar to that stolen from the Farmers Union Elevator.

It is evident that when defendant and his wife approached the farm while the search was being conducted under authority of the void search warrant, the officers abandoned the search and pursued the defendant and his wife and, upon their apprehension, promptly arrested them. They then searched the car, removed the two guns, and observed the stolen merchandise which they did not then remove. They returned to defendant's farm. One of the officers drove the defendant's car back to the farm where the officers immediately removed the merchandise from the trunk of the car. The car was in the custody of the officers from the time of the arrest until the stolen merchandise was removed therefrom. It is true that Parker testified the arrest was the result of the unlawful search, but we do not deem this conclusion of the witness to be important if actual authority to search the automobile existed.

Conceding the validity of the arrest for the purpose of argument, the defendant contends the search of defendant's automobile was too remote from the arrest to base its validity on its being incidental to a valid arrest. Defendant relies on Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319, 24 A. L. R. 1426. In the instant case the officers had information to support the arrest, independent from that obtained by the unlawful search. Such was not the fact in the Silverthorne case. The court in its opinion in that case points out the difference in situation by saying: "The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before

the Court but that it shall not be used at all. Of course this does not mean that the facts thus obtained become sacred and inaccessible. If knowledge of them is gained from an independent source they may be proved like any others, but the knowledge gained by the Government's own wrong cannot be used by it in the way proposed." We think in the instant case the officers had information independent of that gained under the void search warrant to justify the arrest of the defendant within the meaning of the rule.

In contending that the search of defendant's automobile was too remote from his arrest, defendant relies upon Preston v. United States, 376 U. S. 364, 84 S. Ct. 881, 11 L. Ed. 2d 777. In this case the court stated the general rule to be: "Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. * * * But these justifications are absent where a search is remote in time or place from the arrest. Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest." In the Preston case the search of the car was not undertaken until the defendant had been arrested and taken to the police station and the car had been towed to a garage. In the instant case a search was made at the place of the arrest, a loaded rifle and shotgun removed from the trunk of the car, and the fruits of the crime observed therein. For convenience the car was driven back to defendant's farm by an officer and the stolen merchandise removed in his presence. It was one transaction and the search was incidental to the arrest, and the evidence could properly be used against the defendant. Under the evidence adduced, the automobile was searched at the place of the arrest, and the fruits of the crime were found, conveyed to defendant's farm for purposes of convenience, and there

removed. The officers clearly had exclusive possession of the stolen merchandise from the time of defendant's arrest until it was removed from the automobile in the presence of the defendant. In Smith v. United States, 335 F. 2d 270; Stoner v. State of California, 376 U. S. 483, 84 S. Ct. 889, 11 L. Ed. 2d 856; and Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, 84 A. L. R. 2d 933, the views expressed are similar to those in the Preston case on the point raised, and are likewise distinguishable. We conclude that the search of defendant's automobile contemporaneously with his arrest was reasonable and does not contravene the holdings in the cases cited by the defendant. The fact that they removed the defendant and the car to defendant's farm before removing the stolen property from the trunk of the automobile does not make the rule as to remoteness applicable under the circumstances shown.

Defendant contends that the trial court erred in permitting evidence of other offenses of a similar nature. The evidence shows that on September 25, 1963, the defendant, the county attorney, and Brainard, the sheriff of Dodge County, met in the office of the county attorney. At this stage of the trial a hearing was held outside the presence of the jury to determine if the confession was voluntary. During the course of the hearing before the court, Brainard testified that defendant stated he was not involved in the Nickerson break-in and that he was involved in only two break-ins in Dodge County. No objection was made to the evidence at this time. At the close of the hearing the trial court found that the statement was voluntary and without inducement or promise. The court then stated that ruling on admissibility of the evidence would be reserved.

Subsequently Brainard testified in the presence of the jury, in which he quoted defendant as denying any connection with the Nickerson robbery and further saying: "I was only involved in two break-ins in your county." Objection was made to the question which brought out

the answer complained of and a motion to strike the answer was made after it came into the record. The objection and motion to strike were both overruled. This was error. The contention of the State that the error was waived by the failure of defendant to timely object is without merit.

It is the general rule in this state that evidence of other crimes, even by the instrumentality of a confession, is not admissible to prove the guilt of the defendant of the particular crime charged. In Stagemeyer v. State, 133 Neb. 9, 273 N. W. 824, a breaking and entering case, this question was fully considered. It was there determined that other crimes: "* * * do not pertain to the offense here being presented, and their admission in evidence, even though through the instrumentality of confession, is a violation of the principles announced in Commonwealth v. Campbell, 155 Mass. 537, 30 N. E. 72. It is well said that where the evidence of the other crime relates to another and entirely different transaction, and in no way tends to prove the fact in issue, it is not admissible, even though it tends to prove that the defendant was bad enough to commit a robbery. * * * In this case the facts were such that the questions of particular intent or motive were not presented by the evidence." See, also, Peery v. State, 165 Neb. 752, 87 N. W. 2d 378; Grandsinger v. State, 161 Neb. 419, 73 N. W. 2d 632; Sall v. State, 157 Neb. 688, 61 N. W. 2d 256.

To the foregoing rule there are exceptions, but in order for evidence of an independent offense to be admissible it must appear that it is within one of the recognized exceptions. Evidence of another crime, similar to that charged, is relevant and admissible if it tends to prove a particular criminal intent which is necessary to constitute the crime charged. Sall v. State, *supra.* In Henry v. State, 136 Neb. 454, 286 N. W. 338, this court said: "We are convinced that in prosecution for incest it is reversible error to receive evidence, over objection, of separate and distinct crimes committed by the ac-

cused against a female other than the prosecutrix. Except as to crimes having an element of motive, criminal intent, or guilty knowledge, evidence of separate and distinct crimes committed by the accused is not admissible." In Smith v. State, 169 Neb. 199, 99 N. W. 2d 8, we quoted the following with approval from Clark v. State, 102 Neb. 728, 169 N. W. 271: "To make evidence of other acts available in a criminal prosecution, some use for it must be found as evidencing a conspiracy, knowledge, design, disposition, plan, or scheme, or other quality, which is of itself evidence bearing upon the particular act charged."

We find nothing in the case at bar that permits the use of independent criminal acts as evidence against the defendant under any exception to the general rule. It was prejudicially erroneous for the trial court, over objection, to admit evidence of independent criminal acts by the defendant which have no relation to the offense charged.

For the reason stated, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.