STATE OF NEBRASKA, APPELLEE, v. PAUL CHANEY, APPELLANT.
171 N. W. 2d 787

Filed November 7, 1969. No. 37234.

Otto H. Wellensiek, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an action for forcible rape. Defendant was

convicted by a jury in Otoe County and sentenced to a term of 5 years in the Nebraska Penal and Correctional Complex. He has perfected an appeal to this court.

There is evidence in the record from which the jury could have found that the prosecutrix, who was a married woman and temporarily separated from her husband, was picked up by the defendant after she had been called and advised that her husband wanted to see her. She met the defendant outside the home of her parents sometime between 10:30 and 11 p.m., May 9, 1968. Defendant drove his truck to a point in the immediate vicinity of the Missouri River and near a park at the north end of Nebraska City. Defendant stopped the truck, walked around it, threw the door open, and told the prosecutrix he was going to rape her. He then pulled her from the truck, threw her to the ground, started beating her, and tearing her clothes. She screamed and did her best to resist his advances. Defendant kept hitting and choking her, and tearing on her clothes until she lost consciousness. Her pants, shirt, slacks, and windbreaker were received in evidence. The shirt had grass stains, dirt, and blood on it. The other items were torn and exhibited evidences of a struggle. At the time of a doctor's examination in the early morning hours of May 10, 1968, she was crying and quite agitated. The doctor testified to abrasions and bruises about her face; to tears in the external genitalia; and to sperm in the vaginal walls, in the upper part of the vagina.

Defendant's version of the affair is that prosecutrix invited him to call. He met her at a prearranged location, and after driving up and down main street they drove along the river road to a spot near the old boat dock. Because some springs in the car cushion were sticking prosecutrix, they left the truck. They had sexual relations. Prosecutrix offered no resistance, but was a willing and cooperative participant.

Defendant, questioning the sufficiency of the evidence to sustain the verdict and the judgment, quotes at length from Cascio v. State, 147 Neb. 1075, 25 N. W. 2d 897. In that case, we said: "This court has always recognized the age-old admonition of Sir Mathew Hale that 'It is true rape is a most detestable crime, and therefore ought severly and impartially to be punished * * * but it must be remembered, that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, tho never so innocent,' and that courts should 'be the more cautious upon trials of offenses of this nature.' In the light thereof, courts have generally exercised great care and vigilance to insure that a verdict of conviction was supported by sufficient competent evidence and not the result of passion and prejudice, inspired by the wiles of a malicious contriver or the very heinousness of the offense charged. See 1 Hale, P. C., p. 634; Mathews v. State, 19 Neb. 330, 27 N. W. 234; Whomble v. State, 143 Neb. 667, 10 N. W. 2d 627."

Defendant complains because the prosecution was permitted to call as its first witness the medical examiner who saw the prosecutrix at the hospital soon after the event. He argues this testimony was incompetent since it was taken before the admission of any preliminary foundational proof as to the occurrence of the alleged act. It is true no evidence had yet been received as to the alleged act or the identity of the participants, but we fail to see how the defendant could have been prejudiced. The order in which proof is introduced is to a large extent within the discretion of the trial court, and its ruling in that regard is no cause for reversal where the rights of the defendant are not shown to have been prejudiced. See Horney v. McKay, 138 Neb. 309, 293 N. W. 98.

Defendant contends his motion to dismiss at the close of the prosecution's case should have been sustained for lack of sufficient evidence with respect to force, resistance, and penetration. Accepting defendant's testi-

mony that prosecutrix invited him to call and willingly accompanied him to the scene of the act, it still would have been permissible for her to change her mind before the inception of the act. The exhibits in evidence and the condition of the prosecutrix when she was seen by the medical examiner sufficiently indicate the use of force and a high degree of resistance. The evidence was sufficient to permit the jury to find carnal knowledge by force on the part of the defendant, and nonconsent thereto and resistance to the extent of her ability on the part of the prosecutrix. Without reciting further of the gory details than already set out herein, suffice it to say we have carefully reviewed the evidence, and there cannot be the slightest doubt there was sufficient evidence to go to the jury on these issues.

On the issue of penetration, we quote the following: "The slightest penetration of the sexual organ of the female is sufficient, if established beyond a reasonable doubt, to constitute the necessary element of penetration in a prosecution for rape, and such element may be proved by either direct or circumstantial evidence." Lovings v. State, 158 Neb. 134, 62 N. W. 2d 672.

The following is also pertinent herein: "It is only where there is a total failure of competent proof in a criminal case to support a material allegation in the information, or where the testimony adduced is of so weak or doubtful a character that a conviction based thereon could not be sustained, that the trial court will be justified in directing a verdict of not guilty." Lovings v. State, *supra.*

Defendant, relying on Peery v. State, 163 Neb. 628, 80 N. W. 2d 699, complains that two witnesses were permitted to testify that prosecutrix told them she had been raped by the defendant when they asked her what had happened. Defendant urges it was error to permit the witnesses to testify who prosecutrix stated committed the rape. In Peery v. State, *supra,* we said: "In a prosecution for rape, after the prosecutrix has testi-

fied to the commission of the offense, it is competent to prove in corroboration of her testimony as to the main fact that within a reasonable time after the alleged outrage she made complaint to a person to whom a statement of such an occurrence would naturally be made.

"The testimony concerning such complaint should, on direct examination, be confined to the fact that complaint was made, and the details of the event, including the identity of the person accused, are not proper subjects of inquiry unless the complaint was a spontaneous, unpremeditated statement so closely connected with the act as to be part of the res gestae."

The two witnesses saw the prosecutrix a short distance from the scene. She was crying and appeared hysterical. The time elapsed was short. The circumstance of the statement evidenced sufficient spontaneity and was so closely connected with the act as to be a part of the res gestae. In any event, the identity of the defendant was in no way dependent upon the testimony of these witnesses and he could not have been prejudiced by this facet of their testimony.

Defendant's counsel, during the final argument to the jury, attempted to read extracts from Selvage v. State, 148 Neb. 409, 27 N. W. 2d 636. The prosecutor objected to this method of argument, and the court advised the jury that it would be advised as to the law of the case at a later time. Defendant's attorney ceased the reading, and now argues that he was prevented from fairly presenting the argument to the jury. There is no merit to defendant's complaint. In Stratton v. Dole, 45 Neb. 472, 63 N. W. 875, we said: "Although the practice of reading to the jury from reported decisions should not be encouraged, the subject is one within the discretion of the trial court and presents no grounds for interference by this court in the absence of an abuse of discretion." We now hold that the practice of reading law to the jury not only should not be encouraged, but should

be condemned. The practice is in conflict with and totally inimical to the fundamental concept inherent in the jury system of this state; it is the duty of the trial judge to instruct on the law of the case and the law so given to the jury in the instructions must apply even though the jury may decide that the law should be otherwise.

Defendant also assigns as error certain alleged misconduct on the part of the county attorney and the overruling of his motions for mistrial during the course of the trial. We have closely examined the four instances cited by the defendant. Only one of them could be even remotely prejudicial. However, in this instance, the objection was adequately handled by the trial judge and the defendant could not have been prejudiced herein.

Finally, defendant argues the sentence was excessive. The 5-year sentence imposed upon the defendant is well within the limits prescribed by statute. Section 28-408, R. R. S. 1943, provides a penalty of not more than 20 nor less than 3 years. Where a sentence has been imposed by the district court within statutory limits, it ordinarily will not be disturbed in the absence of an abuse of discretion. State v. Rose, 183 Neb. 809, 164 N. W. 2d 646. There was no abuse of discretion herein. In fact, the statement made by the trial judge to the defendant after explaining how he arrived at the sentence well sums up the situation. He said: "I feel that I have been reasonably considerate in this matter, under all the facts and circumstances, * * *."

For the reasons given, the judgment herein should be and hereby is affirmed.

AFFIRMED.