STATE OF NEBRASKA, APPELLEE, V. BERNARD ESCAMILLA,
APPELLANT.

227 N. W. 2d 852

Filed April 10, 1975. No. 39756.

James T. Hansen, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, McCOWN, and NEWTON, JJ., and HAMILTON, District Judge, and KUNS, Retired District Judge.

NEWTON, J.

The defendant was charged with rape and convicted of an assault with intent to commit rape. Error is assigned on the ground that the evidence is insufficient to sustain the verdict, the erroneous admission of evidence, and an excessive sentence. We reverse the judgment of the District Court.

The only assignment meriting serious consideration is the one pertaining to the erroneous admission of evidence. The evidence reflects that at one time the defendant and the prosecuting witness had lived together.

This relationship had been discontinued for some time. They met again in a bar and prosecutrix stated defendant forcibly removed her from the tavern, took her to an abandoned house across the street, and had intercourse with her by force and threats. That same evening the police found several buttons from her shirt at the scene. The dust-covered floor showed one area where the dust had been disturbed and her clothing was dust-covered. After the incident mentioned, they went to another tavern or bar where defendant finally passed out. Prosecutrix had been given the defendant's jacket to wear due to her torn clothing and in the pocket was a gun. When defendant passed out, prosecutrix ran out and stopped a police patrol car. She related what had happened to the two officers who then immediately arrested the defendant. Both the prosecutrix and the officers were permitted to testify as to the details of her complaint wherein she stated that she had the defendant's gun and that he had raped her. Other officers testified to later statements to the effect that she had been dragged out of a bar, taken to a vacant house, and raped by the defendant. This was not a part of the res gestae.

We adhere to the general rules set out in State v. Chaney, 184 Neb. 734, 171 N. W. 2d 787, as follows: "In a prosecution for rape, after the prosecutrix has testified to the commission of the offense, it is competent to prove in corroboration of her testimony as to the main fact that within a reasonable time after the alleged outrage she made complaint to a person to whom a statement of such an occurrence would naturally be made.

"The testimony concerning such complaint should, on direct examination, be confined to the fact that complaint was made, and the details of the event, including the identity of the person accused, are not proper subjects of inquiry unless the complaint was a spontaneous, unpremeditated statement so closely connected with the act as to be part of the res gestae."

We have in some instances found that minor violations of the foregoing rules were not prejudicial and constituted only harmless error. In the present instance the State deliberately violated these principles time after time and the constant reiteration of the prosecutrix' statements tended to lend force and credence to her story. Notwithstanding that she could well have been corroborated by admissible facts pertaining to the defendant's immediate arrest, the finding of the buttons from her shirt, and the condition of her clothing and of the floor of the vacant house, we are constrained to find that reversible error occurred.

The judgment of the District Court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.