JOSHUA PALMER v. FRED N. BURLEIGH, EXECUTOR OF THE LAST WILL AND TESTAMENT OF DAVID B. BURLEIGH, DECEASED.

FILED FEBRUARY 17, 1903. No. 12,411.

1. **Party:** WITNESS: CROSS-EXAMINATION: CONTRADICTORY STATEMENT. When a party to the suit testifies as a witness, it is competent to ask him on cross-examination if he has not on a specified previous occasion made a particular contradictory statement or admission against his own interest.

2. **Witness:** IMPEACHMENT. It is competent as preliminary to impeachment to ask a witness, on cross-examination, if he has not on a

previous trial of the same case made a particular statement as a witness contradictory to his present testimony.

ERROR to the district court for Saline county: GEORGE W. STUBBS, DISTRICT JUDGE. *Reversed.*

*Joshua Palmer* and *Ezra S. Abbott,* for plaintiff in error.

*John D. Pope, contra.*

AMES, C.

This is an action to recover a sum of money alleged to be a remainder due from the defendant to the plaintiff as attorney's fees for assisting in obtaining a judgment in favor of the former. One of the evidences relied upon by the plaintiff in support of the amount and validity of his claim was the alleged fact that the defendant had promised to pay it after the services had been rendered. The defendant denied having made such a promise. When he was being cross-examined as a witness he was asked if he had not testified on a former trial of the case that he did make the promise for the purpose of inducing the plaintiff to release an alleged lien upon the judgment. The question was objected to upon the grounds that it was "incompetent and not a proper impeaching question and no foundation laid." The objection was sustained. We think the ruling was erroneous. The witness being a party, it was competent to prove his admission against his own interest, either by his own oath or otherwise. The fact that his answer might have tended to affect his credibility did not affect the right of the plaintiff to prove the admission in the way attempted. If, however, the purpose had been to lay a ground for impeachment we think the time, place and circumstances of the alleged statement were sufficiently called to his attention. Counsel for defendant suggests in his brief that the question was not proper in cross-examination, but he does not point out why it was not so, and it was not objected to in the trial court on that ground.

It is recommended that the judgment of the district court be reversed and a new trial ordered.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial ordered.

REVERSED AND REMANDED.