WILLIAM T. YOUNG, APPELLEE, v. LAMBERT C. KINNEY, APPELLANT.

FILED JUNE 22, 1907. No. 14,891.

1. **Evidence: DECLARATIONS AGAINST INTEREST.** The admissions and declarations of a party to an action against his own interest, upon a material matter, are admissible against him as original evidence, and, where he is examined as a witness in his own behalf, it is unnecessary to lay a foundation for the admission of such evidence by cross-examination.

2. **Trial: Argument of Counsel.** Unwarranted and unreasonable assault upon the character and integrity of witnesses by counsel in the argument of a case, which tends to inflame the minds of the jurors and prevent a calm and dispassionate consideration of the case, constitutes prejudicial error.

APPEAL from the district court for Kimball county: HANSON M. GRIMES, JUDGE. *Reversed.*

*Wilcox & Halligan,* for appellant.

*J. J. Kinney* and *Wright & Wright, contra.*

JACKSON, C.

This is an action in replevin, and involves the ownership and right to possession of a horse. The plaintiff had judgment, from which the defendant appeals.

This action was tried originally in the county court, and from the judgment of that court an appeal had been taken to the district court. In the district court the plaintiff, as a witness in his own behalf, testified that he had known the animal in dispute from the time it was a sucking colt. On cross-examination he was asked if he had not testified at the trial in the county court that the first time he saw the animal to remember him was when he was two years old, coming three. He answered, in effect, that he did not remember. On behalf of the defendant, the county judge was called as a witness, and by this witness the defendant offered to prove that at the trial in the county court the plaintiff testified that the first time he saw the animal in dispute, that he remembered of, was when the animal was coming two or three years old. It was objected that there was no sufficient foundation, and it did not tend to impeach the plaintiff. This objection was sustained, and a proper exception taken. In sustaining the objection to the introduction of this evidence, the trial court erred. The admissions and declarations of a party to an action against his own interest, in a material

matter, may be proved as original evidence, and it is unnecessary to lay any foundation in the cross-examination of such party, where he has testified in his own behalf. *Lowe v. Vaughan,* 48 Neb. 651; *Churchill v. White,* 58 Neb. 22. The identity of the horse was the principal matter in controversy, and the opportunity of the plaintiff to acquire a knowledge of the animal was important as tending to weaken or strengthen his testimony by means of which he undertook to positively identify the animal as his own.

Another assignment of error relates to the misconduct of counsel for the plaintiff in the argument before the jury. It is unnecessary to set out the remarks of counsel at length.

We will content ourselves by saying that they were of such character that the jury could draw no inference, except the one that the defendant was a thief and was keeping a fence for a pack of organized thieves; that certain witnesses on behalf of the defendant were perjured witnesses and testified falsely at the instance of the defendant. Frequent objections were interposed by counsel for the defendant to the line of argument pursued, and counsel for plaintiff was frequently cautioned by the court to confine his argument to a legitimate discussion of the issues. The record discloses no facts sufficient to justify this unwarranted assault on the defendant and his witnesses. In an argument before the jury, counsel, of course, are permitted to draw such reasonable inferences from the facts as the evidence will justify; but unwarranted and unreasonable assaults upon witnesses and parties are reprehensible, and, to the extent that they tend to prejudice a jury and procure a verdict under the influence of passion and prejudice, they are erroneous and will not be countenanced by the courts. *Cleveland Paper Co., v. Banks,* 15 Neb. 20; *Ashland Land & Live Stock Co. v. May,* 51 Neb. 474; *Case Threshing Machine Co. v. Meyers,* 78 Neb. 685.

On account of these errors, it is recommended that the

judgment of the district court be reversed and the cause remanded.

AMES and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.