AUGUST BERGGREN, APPELLEE, v. HANNAN, O'DELL & VAN BRUNT, APPELLANT.

FILED OCTOBER 6, 1927. No. 24426.

*Kennedy, Holland, DeLacy & McLaughlin,* for appellant.

*Anson H. Bigelow* and *Carl T. Self, contra.*

Heard before GOSS, C. J., GOOD, THOMPSON and EBERLY, JJ., ELDRED and L. S. HASTINGS, District Judges.

ELDRED, District Judge.

August Berggren brought suit against Hannan, O'Dell & Van Brunt, Incorporated, and George Baker to recover damages for an injury received December 2, 1922, at about 8:45 p. m. as a result of being struck by an automobile while walking on a sidewalk on the east side of Tenth street, north of Pierce street, in the city of Omaha. The car which struck plaintiff was owned by the defendant Hannan, O'Dell & Van Brunt, Incorporated. The defendant Baker was an employee of the defendant company, engaged in the business of selling automobiles for said company in the city of Omaha. The defendant Baker was permitted to drive an automobile of the company in connection with his work as salesman for said company; the car causing the plaintiff's injury being one furnished Baker by the company for that purpose; and the defendant Baker sometimes so used said automobile after the regular working hours.

The petition sets out certain alleged negligent acts claimed to have been the proximate cause of plaintiff's in-

jury; and further alleges that at the time of the accident the car was being used by the defendant Baker in the course of his employment, and within the scope of his authority. The answer is, in effect, a general denial. From an adverse verdict and judgment against both defendants, the defendant company has appealed.

Five errors are assigned in brief upon which the defendant relies for a reversal. The first two assignments of error raise the question of the sufficiency and competency of the evidence to sustain the verdict; that is, it is urged there was no competent evidence that the driver of the automobile at the time of the accident was a servant of the defendant company, engaged in driving the automobile of the company on the master's business or pleasure, or with the knowledge and consent of the master. By the three remaining assignments, error is charged in the admission in evidence of certain declarations of the defendant Baker made some time after the accident, and after his employment by the company had terminated.

On behalf of the plaintiff four witnesses identified the defendant Baker as the driver of the car at the time of the accident. Baker testified that he was not driving the car, and was not present, but claimed the car was stolen from in front of his boarding house; two other witnesses testified that Baker was at the boarding house at the time the accident occurred. Baker's testimony is contradicted, to some extent at least, by evidence of declarations made by him bearing upon the accident. The evidence conflicting, the issue as to the identity of the driver of the car was a question for the determination of the jury.

Witness Oathout was called by the plaintiff in making his case in chief, and testified, over objections of the company, to the following declarations by Baker, made some time after the accident, and at a time when he was no longer employed by the defendant company:

"Q. What was said at the interview at the 'Y' by you or by him? A. 'Why;' I says, 'Mr. Baker,' I says, 'how you come to be here?' 'Well,' he says, 'I came down here and I am go-

ing to school here.' 'Well,' I says, 'the last time I saw you you was in Omaha.' 'Yes,' he says 'I know I was in Omaha, but,' he says, 'I got into some trouble down there,' and he says, 'they just rode the devil out of me and I made up my mind I would leave.' I says, 'What trouble did you get into?' 'Well,' he says, 'I was working for the Van Brunt people driving the car and got into an accident down there on Tenth and Pierce,' and he says, 'they had me arrested and fined me,' and he says, 'I made up my mind I would leave.' And I asked him, I says, 'Don't you remember me?' And he says, 'No; I don't,' I says, 'I am the gentleman that you run into down on Tenth and Pierce.' 'Oh! yes.' But he says, 'I didn't drive that car.' Q. Didn't what? A. He says, 'I didn't drive that car.' He says, 'That car was stolen.' So he just talked along there about the conversation and that was about all there was to it. * * * Q. What, if anything, was said as to his using the car to visit prospects in the evening? A. He said he did. Q. What further did he say as to the use of the car in the evening to visit prospects, if you can recall, if anything? A. He said whenever he had the car out he was always on duty; that his sales came at any time; that whenever he saw prospects he was out to make a deal."

It is now strenuously urged by the company that the admission of these answers constituted prejudicial error. The plaintiff was seeking to recover judgment against the defendant Baker as well as against the defendant company. But the company urges that as to the defendant Baker the question for whom he may have been acting at the time was not an issue; that if Baker was driving the car his liability did not depend upon that question. The facts disclosed by the first answer were not only competent, but very material in making a case against the defendant Baker. The second answer quoted is more favorable to the defendant than the plaintiff. While the answers to the two remaining questions were not so material, they did disclose how Baker happened to be at the place in question, and his reasons for being there, and would have a tendency to throw some light

upon the probability of the evidence upon this disputed point. As against the defendant Baker this evidence was clearly admissible:

"The admissions and declarations of a party to an action against his own interest, upon a material matter, are admissible against him as original evidence, and, where he is examined as a witness in his own behalf, it is unnecessary to lay a foundation for the admission of such evidence by cross-examination." *Young v. Kinney*, 79 Neb. 421.

The evidence being admissible to make out plaintiff's case as against the defendant Baker, it was properly received, notwithstanding it may have had some ulterior or collateral effect detrimental to the other defendant. *Cleland v. Anderson*, 66 Neb. 252; *Gibbard v. Cursan*, 225 Mich. 311; *Lampton v. Davis Standard Bread Co.*, 48 Cal. App. 116.

Among other authorities cited by appellant in support of its contention that the declarations should not have been admitted are the following from this jurisdiction: *Clancy v. Barker*, 71 Neb. 83; *Shoemaker v. Commercial Union Assurance Co.*, 75 Neb. 587; *Gale Sulkey Harrow Co. v. Laughlin*, 31 Neb. 103. An examination of the authorities so cited convinces us they are not controlling in this case; each of those cases was based on a contractual right; and in none of them was the agent or servant, whose declaration was offered, a party to the suit.

The court could not properly have sustained the objections and kept the evidence complained of from the jury. The most the court could have done would have been to instruct the jury that such evidence could only be considered for the limited and specific purpose for which it was admitted. Such an instruction would have been proper, and doubtless would have been given, if tendered.

If the defendant company desired to limit the purpose and application of any evidence admitted, an instruction to that end should have been requested. But such request was not made.

"If either party desires an instruction which would serve only to guide the jury in weighing certain features of the

evidence in connection with the issues, he must request such specific instruction. The proper time to make the request is when the evidence is concluded, and the proper manner of making it is by submitting in writing the instruction desired." *Osborne v. State*, 115 Neb. 65.

There is another reason why the admission of the declarations of the defendant Baker should not be considered as prejudicial. Baker testified as a witness by deposition taken prior to the commencement of the trial. The company, in making its defense, offered this deposition of Baker in evidence, in which he denied the driving of the car at the time of the accident; that he was at the place of the accident, or that he transacted any business for the defendant company after leaving their establishment that day.

Had the declarations of Baker been offered by the plaintiff in rebuttal, for impeachment purposes, they should have been received. But it is urged that no foundation was laid for impeachment by proof of contradictory statements or declarations, by calling the attention of the witness to them on cross-examination. The witness Baker being a party to the suit, against whom judgment was sought, it was not necessary to lay such foundation. *Young v. Kinney, supra; Dunafon v. Barber,* 3 Neb. (Unof.) 613; Jones, Evidence (3d ed.) sec. 851.

If the evidence of contradictory statements or declarations was offered solely for impeachment purposes, it should not have been admitted, notwithstanding the deposition of Baker was on file, until after the deposition was read in evidence. Until the deposition was read in evidence, statements therein could not be properly impeached. However, while such impeaching testimony, if intended solely for that purpose, may not have been competent at the time it was offered, any error in so receiving it was cured by the defendant subsequently offering the deposition in evidence. Ordinarily the order of proof is a matter in the discretion of the trial court, and error cannot be successfully asserted on account of any irregularity therein; prejudice, in such case, should first appear.

"The court in every stage of an action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." Comp. St. 1922, sec. 8657.

It is urged by the company that there is no evidence, other than the declarations of the defendant Baker, from which it could be found that Baker was, at the time plaintiff was injured, driving the company's car, in the course of his employment, and with the knowledge and consent of the master. It appears from the evidence that the plaintiff was injured by a car owned by the defendant company; that Baker was employed by the defendant company as a salesman in the city of Omaha, and was furnished a car for use in his work, which he sometimes used in connection therewith at the time of day the accident occurred, and that the car in question was the one furnished Baker by the company for his use as salesman. There is also ample evidence, though conflicting, to support a finding that Baker was the driver of the car at the time in question. A presumption was thus created, in the absence of evidence to the contrary, that the defendant Baker was at the time using the car for the purpose for which it was furnished him by his employer. *Finegold v. Union Outfitting Co.,* 110 Neb. 202; *Dirks v. Ensign Omnibus & Transfer Co.,* 107 Neb. 556. The only evidence offered to refute the presumption that the car was being used for the purpose for which it was furnished to the defendant Baker was Baker's testimony to the effect that he transacted no business for the company after leaving their establishment that day, and had none to transact for them at the place where the accident happened; but his declaration is also in evidence that whenever he had the car out he was always on duty; that his sales came at any time. This clearly created a condition as to which different minds might draw different conclusions. Under the evidence we conclude that the case was peculiarly one for submission to a jury.

No prejudicial error appearing in the record, the opinion

of the commission is withdrawn, and the judgment of the trial court is

AFFIRMED.