E. H. LUIKART, RECEIVER OF SOUTH OMAHA STATE BANK, APPELLANT, V. CHRIS KORBMAKER ET AL., APPELLEES.

FILED JANUARY 11, 1935. No. 29102.

*F. C. Radke, Barlow Nye, O'Sullivan & Southard* and *G. E. Price,* for appellant.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MUNDAY, District Judge.

PAINE, J.

This is a creditors' bill, brought by E. H. Luikart, as receiver of the South Omaha State Bank, to set aside a $4,000 note and mortgage given by defendant to his daughter, while the defendant was indebted to the bank on a judgment of $6,345.90 and interest. The trial court found for the defendants, and dismissed plaintiff's petition.

The evidence discloses that the South Omaha State Bank was taken over by E. H. Luikart, receiver, and that on December 29, 1932, a judgment was recovered of $6,345.90 and interest upon two notes given to said bank; that an execution was returned wholly unsatisfied, and that no part of the judgment has ever been paid.

On December 30, 1931, the defendant Chris Korbmaker executed and delivered to his daughter, Jennie Kinsley, a

note for $4,000, with interest at 6 per cent. per annum, payable five years after date, secured by a real estate mortgage upon the north 40 feet of lot 5, block 12, South Omaha. The mortgage was recorded on the same day it was given, and on the day of trial had not been released or discharged of record.

The plaintiff called, as his first witness, Chris Korbmaker, defendant, who testified that he and his daughter, Jennie Kinsley, resided at 3726 South Twenty-fourth street, for which his wife had originally paid $3,800, but that it was worth a good deal more now. His wife died five years ago. He further said he had no other real or personal property but this home. He was thereupon called as a witness in his own behalf, and testified that he had formerly been in the saloon business in Omaha for eight years; that he owed no other debts except to the bank, and that he gave the note and mortgage to his daughter so that if he got sick, as he did each winter with rheumatism, his daughter would take care of him and pay the doctor and hospital bills and furnish him "eats."

The daughter, Jennie Kinsley, testified that her father had lived with her about ten years, and that he gave her the note of $4,000 and mortgage on the home "so I would have some protection; that I would have some way of knowing that I would get the money that I had advanced him, and his board bill," charged to him at $5 a week. She then claimed that he owed her $1,288.88. She never knew her father owed the bank until the sheriff brought the summons to the house. She admitted that on August 19, 1931, her father transferred to her his savings account in the Commercial Savings & Loan Association, in which there was a balance at that time of over $3,000. However, she denied that she knew at that time that South Omaha State Bank had closed less than a week prior to that date. She testified that he owed her board when he transferred the savings association account to her, but he did not give her the account to pay the bill, but "he transferred it because he wanted to." The evidence further shows that

immediately the $3,000 was drawn out by check of the association, and its check turned into cash the same day, and the cash put in an envelope in her safety deposit box, and later she handed the envelope to her father. She said she paid no rent to her father for living in the family home all these years.

The trial court found generally for the defendants, and that the $4,000 note and mortgage were given for a valid consideration, and dismissed plaintiff's petition.

During the trial the plaintiff offered, as part of his case in chief, certain questions and answers given by each of the defendants in proceedings had before Judge Sears in aid of execution. Upon objections, the evidence was not received. Later in the trial, the plaintiff offered certain parts of this evidence as rebuttal evidence, and objections to such offer were sustained by the court. These rulings of the court are assigned as error.

Plaintiff contends that the admissions are primary evidence, and that it is immaterial that the party who made them is present in court and can be called as a witness. The rule in reference to this has been well stated by this court to be: "The admissions and declarations of a party to an action against his own interest, upon a material matter, are admissible against him as original evidence, and, where he is examined as a witness in his own behalf, it is unnecessary to lay a foundation for the admission of such evidence by cross-examination." *Young v. Kinney,* 79 Neb. 421.

We are of the opinion that, in sustaining the objections to the introduction of this evidence, the trial court committed prejudicial error. *Merrill v. Leisenring,* 166 Mich. 219; *Berggren v. Hannan, O'Dell & Van Brunt,* 116 Neb. 18; 22 C. J. 297; 22 C. J. 343, which hold clearly that it is immaterial that the party who made the admission is present in court.

Again, this is a transaction between a father and daughter by which a creditor is wronged. This daughter has the burden of overcoming the presumption against the

good faith of this gift from her father which has the effect of defrauding the depositors of this failed bank. *Lincoln Trust Co. v. Sweeney,* 124 Neb. 686.

It is the law that, where one conveys all of his property to a relative in consideration of future support, such a conveyance is invalid as to his creditors.

The judgment of the district court is hereby reversed, and said court is hereby directed to enter a decree in conformity with this opinion, subjecting the real estate in suit to the payment of the plaintiff's judgment, subject to the right of homestead, if any.

REVERSED.