JOHN HAVLIK, APPELLEE, V. LILLIAN ANDERSON ET AL., APPELLANTS.

FILED JANUARY 2, 1936. No. 29501.

*O'Sullivan & Southard, C. E. Walsh* and *Robert H. Mc-Caw,* for appellants.

*Rudolph Tesar, Rosewater, Mecham, Shackelford & Stoehr* and *R. B. Hasselquist, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and REDICK and KROGER, District Judges.

KROGER, District Judge.

This is an action to recover damages for personal injuries resulting from an automobile accident. The accident occurred on L street between Twenty-fifth and Twenty-sixth streets in Omaha. The evidence of the plaintiff tended to establish that he was driving west on L street on the north or right-hand portion of said street and that defendant Lillian Anderson was driving east on the south portion of said street; that when approximately ten or fifteen feet past the alley intersecting L street, said defendant, without signal or warning, made a left U turn and came from the south side of L street to the north side and struck the car

plaintiff was driving, overturning the same and seriously injuring plaintiff.

The evidence of the defendants tended to establish that the defendant Lillian Anderson was, just prior to the collision, traveling west on L street on the north portion thereof and near the curb; that she turned slightly to the left to avoid a parked car, and, just as she did so, her car was struck from the rear by the car plaintiff was driving and as a result of the collision plaintiff's car overturned. There was a verdict and judgment for plaintiff, and defendants appeal.

1. It is the contention of the defendants that the trial court erred in excluding the testimony of defendants' witness Krulis. Defendants offered to prove by this witness that a few days after the accident the plaintiff stated to the witness that he was not hurt much, but thought he ought to have a little settlement.

It is a well-settled rule in this state that the declarations and admissions of a party to an action, against his own interest, are admissible against him as original evidence. *Luikart v. Korbmaker*, 128 Neb. 199, 258 N. W. 263; *Young v. Kinney*, 79 Neb. 421, 112 N. W. 558. Since the extent of plaintiff's injuries was a material issue in the case, it was prejudicial error to sustain the objections to the introduction of this evidence.

2. During the cross-examination of plaintiff, he was asked if he remembered testifying in police court regarding this case, and plaintiff's objection that it was not proper cross-examination was sustained. An offer was thereupon made to prove by the witness that when he testified in police court he stated that the defendant Lillian Anderson was preceding him on the north side of L street, traveling west, and that at the time he undertook to pass her she turned out slightly to miss a parked car on the north side of L street, and it was then that the accident happened. Plaintiff's objection to this offer was sustained and this ruling is assigned as error. We are of the opinion that in this ruling the trial court committed error. The statement, if

made, would have supported defendants' theory of how the accident happened, and contradicted plaintiff's theory, and was therefore material.

*Palmer v. Burleigh,* 68 Neb. 24, 93 N. W. 1049, holds clearly that, when a party to a suit testifies as a witness, it is competent to ask him on cross-examination if he did not, on a specified previous occasion, make a particular statement contradictory to his present testimony.

While the offer to prove appears to be broader than the question asked, it was not objected to on that ground, and from the entire record it is clear that the trial court was not misled thereby.

Other errors are assigned and discussed in the briefs, but as they are not likely to occur on a retrial they are not discussed herein.

For the reasons stated, the judgment of the district court is hereby reversed and the cause remanded.

REVERSED.