JOHN H. VON SEGGERN, APPELLEE, v. KASSMEIER IMPLEMENT ET AL., APPELLANTS.

240 N. W. 2d 842

Filed April 14, 1976. No. 40350.

Hurt & Gallant and Daniel A. Smith, for appellants.

Gross, Welch, Vinardi, Kauffman & Day, for appellee.

Heard before WHITE, C. J., McCOWN, NEWTON, and BRODKEY, JJ., and KORTUM, District Judge.

BRODKEY, J.

Kassmeier Implement and John Deere Company appeal to this court from an order of the District Court vacating and setting aside an order entered by the county court of Dodge County dismissing an action brought by John H. Von Seggern against Kassmeier Implement and John Deere Company, and remanding the cause to the county court for further action. In his amended petition filed in the county court on December 23, 1974, Von Seggern sued the defendants for damages to his grain wagon sustained when a tractor sold by Kassmeier Implement and manufactured by John Deere Company tipped over while pulling the wagon. His action was based on the theories of negligence, breach of warranty of fitness for particular use, and strict liability.

On December 30, 1974, defendant Kassmeier Implement served written interrogatories upon Von Seggern's attorneys pursuant to section 25-1267.37, R. R. S. 1943. That statute requires that answers to interrogatories shall be served on the party submitting them within 15 days of the service of the interrogatories, unless the court, for good cause shown, extends the time to answer them. On January 14, 1975, defendant Kassmeier filed a motion for an order extending the time for further pleading until a reasonable time after the answers to the interrogatories were received, but it does not appear that this motion was ever acted upon by the county court. On April 4, 1975, Kassmeier filed a motion in the county court to dismiss the action because of plaintiff's failure to answer the interrogatories within the

statutory time limit. Five days later, on April 9, 1975, plaintiff filed answers to the 42 interrogatories submitted by Kassmeier. The hearing on Kassmeier's motion to dismiss was held on April 25, 1975, and on May 1, 1975, the county court entered its order sustaining Kassmeier's motion and dismissing plaintiff's action with prejudice. The order of dismissal entered by the county judge does not contain an explanation of his reasons for the dismissal, but it is clear from the arguments of counsel made at the hearing on April 25, 1975, that the court undoubtedly dismissed it pursuant to section 25-1267.44(4), R. R. S. 1943, as this section is referred to by counsel in their arguments to the court. That subsection provides as follows: "(4) If a party or an officer or managing agent of a party willfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under section 25-1267.37, after proper service of such interrogatories, the court on motion and notice *may* strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party." (Emphasis supplied.)

Plaintiff Von Seggern thereupon appealed the judgment of the county court to the District Court for Dodge County, Nebraska, which, after a trial de novo on the record held on July 30, 1975, vacated and set aside the order of the county court and remanded the cause to the county court for further action. Defendants then moved that the District Court vacate and set aside its order of July 30, 1975. The motion was overruled, and they then prosecuted a timely appeal to this court. We affirm.

Defendants claim that the District Court erred by exercising an impermissibly broad power of review substituting its discretion for that of the county judge. In support of their contention, they cite language contained

in a recent opinion of this court in State v. Clark, which was originally published in 63 SCJ 487, No. 13, issue of October 15, 1975, and which interpreted the "de novo on the record" standard of review set forth in section 24-541, R. S. Supp., 1974. We point out, however, that the language in State v. Clark relied upon by defendants was later deleted and an amended opinion was filed in that case. The citation for the corrected opinion is 194 Neb. 487, 233 N. W. 2d 898.

The relevant portion of section 24-541, R. S. Supp., 1974, provides: "All such appeals shall be de novo on the record except those matters referred to in section 30-1601, which matters shall be appealed de novo. In matters appealed de novo on the record, the district court may, in its discretion, receive additional evidence if the court determines that such evidence is reasonably necessary to determine the issues, make findings of fact and render judgment thereon. The district court may affirm, modify, or vacate the judgment, or may remand the case to the county or municipal court for a new trial."

The phrase "de novo" indicates that a new trial will be had in the appellate court in which the entire case is gone into as if there had been no trial in the lower court. This, of course, would grant the District Judge sufficient discretion and latitude for making independent decisions in cases appealed to his court. "On the record" indicates that, unless the District Court takes additional evidence, as permitted in that section, the review is limited to the issues, pleadings, and evidence presented in the county court. The legislative history of Laws 1972, L.B. 1032, of which section 24-541 was a part, indicates that the "de novo on the record" language was a compromise between those senators wanting to retain an earlier provision for de novo review requiring, in effect, a retrial, and those senators advocating a more strictly appellate review on the record. Under section

24-541 the District Court may exercise independent judgment, which, however, must be based on the issues, pleadings, and evidence presented in the lower court, unless additional evidence is adduced pursuant to section 24-541, R. S. Supp., 1974. See, e.g., Metropolitan Dining Room v. Jensen, 126 Neb. 765, 254 N. W. 405 (1934); State ex rel. Nelson v. Lincoln Medical College, 81 Neb. 533, 116 N. W. 294 (1908).

In this case, the District Judge indicated in his trial notes that the hearing was "de novo on the record," and there is nothing to show that he heard additional evidence. He had a right to evaluate the parties' contentions and reach his own decision; and, in accord with section 24-541, R. S. Supp., 1974, he remanded the cause to county court for further proceedings, as he had a right to do.

In reviewing orders in a case affecting procedural matters, this court has held that it will presume, in the absence of evidence to the contrary, that the District Court has not abused its discretion. Jones v. Nebraska Blue Cross Hospital Service Assn., 175 Neb. 101, 120 N. W. 2d 557 (1963). The burden of showing an abuse of discretion is upon the party adversely affected by the court's order. Urwin v. Dickerson, 185 Neb. 86, 173 N. W. 2d 874 (1970). Defendants have not established that they were prejudiced, as distinguished from inconvenienced, by the delay in the filing of the answers. Nor have they demonstrated that the District Court abused its discretion in reversing and remanding the cause for trial on the merits. We find that the District Court did not abuse its discretion, and the order of the District Court must, therefore, be affirmed.

AFFIRMED.