STITT CONSTRUCTION COMPANY, APPELLEE, v. CANINE'S CUPID, INC., A CORPORATION, ET AL., APPELLANTS.

259 N. W. 2d 29

Filed November 9, 1977. No. 41193.

Thomas C. Emery, for appellants.

Erickson, Sederstrom, Johnson & Fortune, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This case arises out of a dispute concerning a construction contract. The plaintiff agreed to construct an animal clinic for the defendants for the sum of $113,500. The contract provided that with the exclusion of laying asphalt on the parking lot, all work should be substantially completed on or before March 1, 1973. The contract further provided for liquidated damages at the rate of $1,000 per month in the event any of the work was not completed by March 1, 1973.

The defendants moved into the building on April 27, 1973. At the time of final settlement the defendants withheld $1,866.67 as liquidated damages for the period March 1, 1973, through April 26, 1973. The plaintiff then brought this action to recover the balance due on the contract. The municipal court found that the defendants were entitled to liquidated damages in the amount of $1,866.67 but that the plaintiff was entitled to recover $250 on another disputed item and entered judgment for that amount. The plaintiff then appealed to the District Court.

After trial de novo upon the record the District Court found that the plaintiff was entitled to recover the entire balance due on the contract. The defend-

ants have appealed to this court and contend, in substance, that the record does not support the judgment of the District Court.

Much of the defendants' argument is devoted to a discussion of the proper standard of review in the District Court. The defendants argue that the District Court should resolve every controverted fact in favor of the party who was successful in the municipal court. This argument ignores section 24-541, R. R. S. 1943, which provides that the review in the District Court in civil cases shall be de novo upon the record.

Upon trial de novo it is the duty of the District Court to reach an independent conclusion without reference to the decision of the county court. Phillippe v. Barbera, 195 Neb. 727, 240 N. W. 2d 50. Where, as in this case, no additional evidence is received in the District Court, the decision must be based upon the evidence which was presented in the municipal court. The District Court is required to make its own decision and consider the matter as if there had not been a prior determination in the municipal court. See Von Seggern v. Kassmeier Implement, 195 Neb. 791, 240 N. W. 2d 842.

The contract contained a provision that if the progress of the work was delayed by changes ordered in the work, unavoidable casualties, or causes beyond the contractor's control, the contract time should be extended by change order for such reasonable time as the architect might determine. The evidence shows that the contractor made requests for extensions of the contract time but the architect failed to act on them. There was evidence of a trade custom that if a request is not denied the contractor may assume it has been granted.

There were a number of other matters in dispute and upon which the evidence was in conflict. There was evidence that the plaintiff, and other contractors in the same area, were delayed by severe

weather conditions; that the plaintiff was delayed by improper zoning during a part of the construction time; that there was a delay in construction of an access road by the developer which at times prevented heavy equipment from reaching the construction site; and that changes in the building were made at the request of the defendants. There was also evidence that the defendants' claim for liquidated damages was based in part upon delay in the asphalt work, but the asphalt work was not covered by the liquidated damage provision. Upon this evidence the District Court concluded that the delay resulted from causes beyond the contractor's control and that the defendants were not entitled to recover liquidated damages.

The review in this court of a law action is not de novo. A judgment of the District Court will not be set aside by this court on appeal unless it is clearly wrong and not supported by the evidence. See Fauss Constr., Inc., v. City of Hooper, 197 Neb. 398, 249 N. W. 2d 478. The evidence in this case, although in conflict, sustains the judgment of the District Court. The judgment must, therefore, be affirmed.

AFFIRMED.