PHILLIP L. HYDE, APPELLANT, V. HOWARD
CLEVELAND, APPELLEE.

279 N. W. 2d 105

Filed May 15, 1979. No. 42086.

James E. Case, for appellant.

Francis M. Casey of Casey & Elworth, for appellee.

Heard before BOSLAUGH, CLINTON, BRODKEY, and HASTINGS, JJ., and HICKMAN, District Judge.

HICKMAN, District Judge.

This motor vehicle accident case was commenced in the county court of Cass County, Nebraska. After trial to the court, the court found against the plaintiff, appellant herein, and for the defendant, appellee herein, and awarded the defendant a judgment on his cross-petition in the amount of the stipulated damage. Plaintiff appealed the decision to the District Court for Cass County, Nebraska, whereafter in a trial de novo on the record the District Court affirmed the judgment of the county court. The case comes to this court on further appeal by the plaintiff below after the overruling of plaintiff's motion for a new trial. The parties will be designated hereinafter as they were in the lower courts.

This action arose out of an accident which occurred at night on April 24, 1976, in Cass County, Nebraska, on U. S. Highway No. 73-75 approximately 1 mile west and 2 miles south of Plattsmouth, Nebraska. In the area of the accident the highway is 24 feet wide, runs straight, consists of two lanes, and is upgrade to the south to a hill crest, approximately 250 feet south of the scene of the accident. It was raining and had been most of the evening. Defendant had been traveling north on the highway and observed a car in the east ditch with its windshield wipers in operation. He passed by, turned around to see if he could help, and proceeded to a point somewhat north of the vehicle in the ditch. Defendant stopped his car, facing south, in the north lane partially off onto the shoulder at a point where his headlights would shine on the car in the ditch. Defendant was unable to get his vehicle completely off the east edge of the highway because of the slope of

the ditch and the wet condition of the ground. Defendant activated his four-way blinking flashers and placed his headlights in the dim or low-range position. On checking the vehicle in the ditch, he was unable to determine, because of the darkness, whether there was anyone inside the vehicle. Defendant returned to the highway and flagged down a southbound vehicle to secure a flashlight. The southbound vehicle had its headlights on and it stopped in the southbound lane alongside defendant's vehicle or relatively close thereto. At this point, both lanes of the highway were partially occupied. Plaintiff was proceeding north on the highway in the northbound lane at 45 to 50 miles per hour with his windshield wipers and headlights on and crested the hill approximately 250 feet south of the stopped vehicles. Plaintiff immediately saw the lights of the two aforementioned vehicles. Plaintiff testified he thought one vehicle was passing the other and that it would continue to pass or fall back in behind the other vehicle, so plaintiff applied his brakes lightly for some 200 feet at which time he realized the vehicles were stopped. Plaintiff then applied his brake pedal hard, but because the brakes were wet they did not hold and the vehicle traveled 50 feet before striking the defendant's left front end at a speed of 35-40 miles per hour as plaintiff was turning toward the ditch on the east side of the road.

In a trial de novo on the record, it is the obligation of the District Court to reach an independent conclusion without reference to the decision of the county court, with the caveat that where the evidence is in irreconcilable conflict, the District Court should consider the lower court's opportunity to observe the witnesses and their manner of testifying. Phillippe v. Barbera, 195 Neb. 727, 240 N. W. 2d 50; Von Seggern v. Kassmeier Implement, 195 Neb. 791, 240 N. W. 2d 842.

The District Court, as was required, came to an

independent conclusion based on the evidence and found that the parking of the defendant's vehicle on the wrong side of the road was negligence, but that it had its headlights on and was visible. The court further found plaintiff was negligent in that his vehicle was not equipped with adequate brakes; he was traveling at a rate of speed in excess of that permitted by section 39-662, R. S. Supp., 1976, because of the special hazards occasioned by weather and highway conditions; and he failed to have his car under proper control.

The District Court proceeded to compare the negligence of the parties and found the negligence of the defendant was slight when compared with the negligence of the plaintiff, and found that the defendant should recover on his cross-petition.

Plaintiff assigns as error the District Court's determination that defendant's negligence was slight in comparison to the negligence of the plaintiff, and further assigns error in that the District Court based its decision on an improper determination of the evidence.

A judgment of the District Court will not be set aside by this court on appeal unless it is clearly wrong and not supported by the evidence. Stitt Constr. Co. v. Canine's Cupid, Inc., 199 Neb. 400, 259 N. W. 2d 29.

A motorist who sees anything upon a highway at night which is abnormal and in itself a warning and takes no precaution by way of reducing speed, or otherwise, is guilty, as a matter of law, of more than slight negligence which will bar his recovery for damage contributed to by his lack of care. Stocker v. Roach, 140 Neb. 561, 300 N. W. 627. Here, the plaintiff at approximately 250 feet observed the highway blocked and rather than applying his brakes immediately with sufficient force to slow and stop his vehicle, he allowed it to travel 200 feet before a forceful application of the brake pedal was made

and, at that point, he was only 50 feet from the collision. This conduct on the part of plaintiff was a total disregard of due care which the law exacts from a motorist.

The evidence reflects that defendant's vehicle was stopped partially on and partially off the east edge of the traveled surface of the highway and facing the wrong direction. It had been raining all evening prior to the accident and there was testimony that mud tracks would have been made by the vehicles when towed away following the accident. It is clear the slope of the ditch to the east of the highway was such that it would not be practical for a driver to drive his vehicle onto the slope due to the incline and wet conditions. The inference to be drawn from the evidence is that the defendant stopped his vehicle as far off the highway as was practical under the conditions existing. § 39-670 (1), R. R. S. 1943. It was at least 200-250 feet to the crest of the hill according to plaintiff's testimony, and defendant had left the southbound lane of traffic open.

The fact defendant was facing south partially in the northbound lane presents a more difficult problem; however, by reason of defendant's headlights being on and facing the plaintiff, the plaintiff should have become aware of the presence of defendant's vehicle in that position sooner than if defendant had stopped his vehicle facing north with only his taillights facing plaintiff. Plaintiff denied seeing any flashing lights on defendant's vehicle. Thus, although the District Court found defendant was guilty of negligence in stopping his vehicle on the wrong side of the highway, we cannot say defendant's negligence was more than slight when compared to the negligence of the plaintiff.

Plaintiff has not brought himself within any of the exceptions to the general rule that it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway at night that he cannot stop

in time to avoid a collision with an object within the area lighted by his lamps. Roth v. Blomquist, 117 Neb. 444, 220 N. W. 572.

Plaintiff contends the range of vision rule should not be applied arbitrarily in this case for the reason that the night was rainy and the distance between the crest of the hill and the defendant's vehicle was 200-250 feet. He further contends that in the exercise of ordinary care plaintiff could not observe the danger in time and avoid the collision. However, we point out that plaintiff testified he saw two sets of headlights apparently coming toward him at a distance of about 250 feet, and that he applied his brakes slightly and did not apply them forcefully until he was 50 feet from the collision. Plaintiff recognized the danger upon cresting the hill, but failed to use due care to avoid an apparent dangerous situation.

The court permissibly found under the circumstances of this case that plaintiff's speed was in excess of that permitted under section 39-662, R. S. Supp., 1976, because of special hazards occasioned by the weather and highway conditions.

We are unwilling to say that the District Court was clearly wrong in the comparison of the negligence of the parties or that it made an improper determination of the evidence.

During the trial in the county court and after defendant rested his case, the plaintiff by way of rebuttal attempted to read into evidence portions of the deposition of the defendant for the purpose of showing declarations against interest. Defendant objected by stating "this is rebuttal" — not a proper place for declarations against interest — and the county court held such procedure was improper rebuttal evidence. The plaintiff then called the defendant to the witness stand and commenced to examine him in regard to the content of defendant's deposition. Defendant's counsel objected on the

basis of improper time and place for cross-examination. The objection was sustained. Plaintiff then made an offer of proof by reading a portion of defendant's deposition into the record. Defendants objection to the offer of proof on the same basis was sustained. On trial de novo the District Court held that the witness must be asked if the impeachable statement was made and if so, the reason for the apparent discrepancy, and be given the opportunity to explain any apparent errors or discrepancies in the testimony given in the deposition and that given at the trial. The court also found that the deposition may not be offered for the sole purpose of impeachment without giving the witness opportunity to explain the discrepancy and thus held the county court's ruling was correct.

Plaintiff assigns as error the ruling of the District Court upholding the ruling of the county court. Section 25-1267.04, R. R. S. 1943, provides: "At the trial * * * any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present * * * at the taking of the deposition * * * in accordance with any of the following provisions: (1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness; * * *."

The District Court must have assumed that section 27-613 (2), R. R. S. 1943, applied to this situation. That section provides: "Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a party-opponent as defined in subdivision (4) (b) of section 27-801."

Section 27-801 (1), R. R. S. 1943, defines a state-

ment in part as an oral or written assertion and (4) provides: "A statement is not hearsay if: * * * (b) The statement is offered against a party and is (i) his own statement, * * *."

Since plaintiff was offering portions of defendant's deposition to show declarations against interest or prior inconsistent statements or admissions for impeachment purposes against the defendant, it was not necessary that defendant be given an opportunity to explain or deny the statements.

The requirement imposed by section 27-613 (2), R. R. S. 1943, that a witness be afforded an opportunity to explain or deny a prior inconsistent statement does not apply to admissions or statements offered against a party to the action, if the admissions or statements were made by that party.

In Young v. Kinney, 79 Neb. 421, 112 N. W. 558, the plaintiff, as a witness in his own behalf, testified that he had known the animal in dispute from the time it was a suckling colt. On cross-examination, he was asked if he had not testified at the trial in county court that the first time he saw the animal to remember him was when the animal was 2 years old, coming 3. Plaintiff, in effect, answered that he didn't remember. Defendant subsequently called the county judge as a witness and offered to prove that at the county court trial the plaintiff had testified the first time he saw the animal in dispute was when the animal was coming 2 or 3 years old. Plaintiff objected that there was no foundation and that it did not tend to impeach the plaintiff. The objection was sustained. On appeal to this court, we held that the District Court erred stating: "The admissions and declarations of a party to an action against his own interest, in a material matter, may be proved as original evidence, and it is unnecessary to lay any foundation in the cross-examination of such party, where he has testified in his own behalf."

Berggren v. Hannan, O'Dell & Van Brunt, 116 Neb.

18, 215 N. W. 556, was an auto-pedestrian case where defendant's driver had denied he was operating the car at the time of the accident. Plaintiff called a witness who testified over objection that defendant's driver had said after the accident, and after he was no longer working for the defendant, that he was driving the car and "got into an accident." This court held that the evidence was admissible to make out a case against the defendant driver citing Young v. Kinney, *supra*, and said: "Had the declarations of Baker [defendant's driver] been offered by the plaintiff in rebuttal, for impeachment purposes, they should have been received." Defendant urged that no foundation was laid for impeachment by proof of contradictory statements or declarations by calling the attention of the witness to them on cross-examination. We stated: "The witness Baker being a party to the suit, against whom judgment was sought, it was not necessary to lay such foundation."

During the trial in Luikart v. Korbmaker, 128 Neb. 199, 258 N. W. 263, plaintiff offered, as part of his case-in-chief, certain questions and answers given by the defendant in proceedings before another court. Upon objection the evidence was not received. Later in the trial, the plaintiff offered certain parts of the evidence as rebuttal evidence, and objections to such offer were sustained by the court. On appeal the rulings of the District Court were assigned as error. This court held that the sustaining of the objections to the introduction of the evidence constituted prejudicial error, citing Young v. Kinney, *supra*.

It is thus clear the county court erred in not allowing the plaintiff to read the declarations against interest and/or prior inconsistent statements of the defendant into evidence as part of his case on rebuttal.

We hold that the admissions and declarations of a party to an action against his own interest, upon a

material matter, are admissible against him as original evidence and may be used as rebuttal evidence, and, where he is examined as a witness in his own behalf, it is unnecessary to lay foundation for the admission of such evidence by cross-examination.

Ordinarily the order of proof is a matter in the discretion of the trial court and error cannot be successfully asserted on account of any irregularity therein; prejudice in such case should first appear. Berggren v. Hannan, O'Dell & Van Brunt, *supra.*

In this case, by the ruling of the trial court, plaintiff was denied the opportunity to attack the credibility of the defendant by impeaching him with his declarations against interest and prior inconsistent statements. Since a determination of the facts in this case is of paramount importance, the refusal of the court to allow plaintiff to use the deposition of the defendant in rebuttal was prejudical to the plaintiff.

Error having been committed by both the District Court and the county court prejudicial to the plaintiff, the judgment is reversed and the cause remanded to the District Court, which is ordered to reverse the judgment and remand the cause to the county court for a new trial.

REVERSED AND REMANDED WITH
DIRECTIONS.