JULENE C. MORRIS, APPELLEE, v. ROBERT LAAKER, APPELLANT.

331 N.W.2d 807

Filed April 1, 1983. No. 82-085.

Jeffrey A. Silver, for appellant.

David A. Domina of the Domina Law Firm, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

On July 17, 1980, Julene C. Morris, the plaintiff, was operating her motorcycle in an easterly direction on Eisenhauer Avenue in Norfolk, Nebraska, following an automobile being driven by Robert Laaker, the defendant. A noncontact accident occurred which caused the plaintiff to run into the ditch on the south side of the road. As a result she was thrown from the motorcycle and sustained injuries, including multiple fractures of the left forearm. Following a jury trial in which issues as to the negligence and contributory negligence of both parties were submitted, a verdict in the amount of $15,472.31 in favor of the plaintiff was returned and judgment was entered accordingly.

The defendant has appealed to this court and assigns the following errors: (1) The court failed to direct a verdict in favor of the defendant based on the plaintiff's contributory negligence as a matter of law; (2) The court refused to allow the defendant to testify as to certain circumstances surrounding the giving of an earlier out-of-court statement; and (3) The court erred in allowing certain medical testimony without sufficient foundation.

In dealing with the first assignment of error, we are bound by the rule that the party against whom a

directed verdict is requested is entitled to have every controverted fact resolved in favor of that party and to have the benefit of every inference that can reasonably be deduced from the evidence. *Esbenshade v. National Life Ins. Co.,* 208 Neb. 216, 303 N.W.2d 272 (1981). Therefore, in that light, the jury could have found from the evidence the following: That shortly before 8 a.m. on July 17, 1980, the plaintiff was driving her 1979 Kawasaki motorcycle easterly on Eisenhauer Avenue in Norfolk, Nebraska, on her way to work; that driving ahead of her was an older automobile driven by the defendant; that before the road straightened out, she was about 3 to 4 car lengths behind the car; and that she then looked for oncoming traffic and, seeing none, accelerated for the purpose of passing the automobile. According to her testimony, as she pulled into the left-hand lane to accomplish this purpose, and was within a car length of defendant's automobile, the latter swerved over into the left-hand lane, swerved back to the center, back to the left-hand lane, and back to the center again. The plaintiff said that she then let up on the throttle, slowing down, and moved back into the right-hand lane. At this time, she was then a car length or less behind the automobile and it pulled back into the right-hand lane. She said she saw the defendant make an obscene gesture with the middle finger of his hand, and observed the brake lights of the automobile come on and the automobile slowing down. She then explained that she applied her brakes and tried to slow down because the gap between the automobile and her motorcycle was closing quickly. However, in order to avoid a collision, she stated she had to take to the ditch on the right-hand side of the road, as a result of which she lost control of the motorcycle, was thrown from it, and was injured.

It is on this set of facts that the defendant would have us conclude that the plaintiff was guilty of contributory negligence as a matter of law sufficient to

require a directed verdict. In support of that contention, he cites several authorities for the proposition that as a general rule it is negligence as a matter of law for a motorist to drive a vehicle on a highway in such a manner that it cannot be stopped in time to avoid a collision with an object within the range of vision, and that a motorist who sees an object on a highway which is abnormal must consider that a warning, requiring such motorist to slow down. We have no quarrel with *Guerin v. Forburger,* 161 Neb. 824, 74 N.W.2d 870 (1956), and *Hyde v. Cleveland,* 203 Neb. 420, 279 N.W.2d 105 (1979). However, neither case is applicable to this set of facts. *Guerin* involved a situation in which the decedent, while driving at a speed of approximately 50 miles per hour, simply ran into the rear end of the defendant's truck which was either stopped or proceeding very slowly down the highway in the same direction and which was in plain sight. *Hyde* presented a somewhat similar situation in which the plaintiff admitted seeing the lights of two vehicles side by side some 250 feet ahead of him, but failed to slow down sufficiently to avoid a collision.

The instant case was not one where the plaintiff saw a dangerous situation on the highway and failed to heed the warning, nor where she failed to observe a dangerous condition on the road ahead of her. She was attempting to pass a vehicle, which she had every right to do. By the very nature of the passing maneuver it is necessary for the passing car to be in such close proximity to the overtaken vehicle that if the latter suddenly and without warning swerves so as to block the way and slows down precipitously, there may be a collision. The operator of such passing vehicle need not anticipate that a motorist being overtaken will suddenly swerve so as to block the way nor slow or stop so as to cause the passing vehicle to lose control, and the question of the negligence of either driver is generally a question of fact for the jury. *Maurer v. Harper,* 207 Neb. 655, 300

N.W.2d 191 (1981). There is no merit to the defendant's first assignment of error.

The defendant next complains that the court refused to allow him to testify as to the nature of a discussion had with a state patrolman, during which a written statement was taken from the defendant and which statement was received in evidence as an admission. It is his position that somehow such unreported discussion would have been pertinent to rebut a charge of recent fabrication, under the provisions of Neb. Rev. Stat. § 27-801 (Reissue 1979). However, no offer of proof was made and, accordingly, error, if any, in the court's refusal to allow the defendant's testimony may not be predicated upon that ruling. *Slocum v. Hevelone,* 196 Neb. 482, 243 N.W.2d 773 (1976); Neb. Rev. Stat. § 27-103 (Reissue 1979).

Finally, objection is made to the testimony of the attending orthopedic surgeon, Dr. Goff, as to the present degree of permanent disability in the plaintiff's arm. The basis of the objection was lack of foundation, in that such physician had not seen the plaintiff since July 29, 1980, and offered his opinion as of December 3, 1981. However, Dr. Gross, another orthopedic surgeon who had examined the plaintiff as recently as November 25, 1981, and who had surgically removed the plates inserted by Dr. Goff, testified that the plaintiff had attained normal healing. However, because of a 5- to 10-degree diminished supination in the hand, he gave as his opinion that she was suffering from a 5-percent permanent disability in the left upper extremity.

The testimony of Dr. Goff, attacked by the defendant, was elicited in the form of a hypothetical question which had the witness assume a 10-degree loss of supination and an otherwise normal recovery from the original fracture surgery. His response, over objection, was that "If she has a ten-degree loss of supination I would consider this a five percent disability." Dr. Goff's testimony was indeed based upon facts furnished to him in the hypotheti-

cal question. However, there is nothing wrong with an expert witness expressing an opinion based on facts "perceived by or made known to him." Neb. Rev. Stat. § 27-703 (Reissue 1979). If a hypothetical question, calling for expert skill or knowledge, is so framed as to fairly and reasonably reflect the facts proved by any of the witnesses in the case, it will be sufficient. *Fowler v. Bachus,* 179 Neb. 558, 139 N.W.2d 213 (1966). In any event, the testimony of Dr. Goff was cumulative of that given by Dr. Gross.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.