IN RE ESTATE OF MARTHA M. HESEMANN, DECEASED.
BERNARD H. HESEMANN, APPELLANT, V. GEORGE
MERSCH, PERSONAL REPRESENTATIVE, ET AL.,
APPELLEES.

336 N.W.2d 568

Filed July 15, 1983.  No. 82-423.

Sam Grimminger, for appellant.

Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellees.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

SHANAHAN, J.

In this action the District Court affirmed the county court's rejection of two items filed by Bernard Hesemann, an objection to the personal representative's inventory and accounting of Martha Hesemann's estate and an "Application for Leave to File 'Petition for Elective Share.' " We affirm in part and reverse in part.

On July 27, 1976, Martha M. Hesemann executed a will drawn by her attorney, E. Harold Powell. Under Martha's will, Bernard Hesemann, Martha's husband, received all Martha's personal property; all real estate was devised by Martha to two nieces, Karen L. Joyce and Nancy J. Underwood; and George Mersch, father of the two nieces, was appointed personal representative of the estate.

Martha died February 4, 1977. In the first months after Martha's death Hesemann learned from his sister, a legal secretary, that a spouse had a right to claim an elective share of an estate. In June 1977

Hesemann contacted attorney Powell concerning the elective share of a surviving spouse. Powell looked into the situation, and within a month informed Hesemann that he could file a petition for an elective share of the estate. On August 3 Hesemann petitioned the county court for formal probate of Martha's will. On September 8 Martha's will was admitted to formal probate. George Mersch, on September 8, accepted appointment as personal representative of the estate and received "Letters of Personal Representative." Powell was the attorney for the personal representative for the probate proceedings.

In a letter dated October 25 Hesemann asked Powell about the tax consequences if Hesemann did "elect to claim my full share by Inheritance." Powell responded in a letter of October 27: "You ask about your taking your full statutory share. Since there is no Federal Estate Tax, your claiming your share would not effect [sic] that. It would reduce the State Inheritance Tax, and a complete computation of that would have to be made to determine the amount. I hope this would not estrange you from the girls, because obviously they would get less of the farm than they would under Martha's Will.

"If you desire your elective share from the estate, you must present a petition for that purpose by February 4, 1978. . . .

. . . . .

"If you would like to talk further about your selection of your statutory share, please let me know, and we can get together one of these days at your and my convenience." In a letter to Hesemann on November 5, Powell expressed his concern with respect to Martha's nieces "about the possibility of ill will" if Hesemann took his elective share. On November 17 Powell wrote to the personal representative, once more mentioned the deadline for Hesemann's election, and sent Hesemann a copy of that letter to Mersch. Hesemann wrote to Powell on No-

vember 22 but did not state whether he would make his election. On November 23 Powell again wrote to Hesemann regarding the effect of Hesemann's taking an elective share of the estate. Hesemann wrote to the nieces and Mersch on January 17, 1978: "So for personal, and tax-saving reasons, I am very seriously considering filing for my 'elective option', or legal share. . . .

. . . .

"I see no reason for hard feelings or 'estrangement' over my intended actions . . . ." Hesemann did not file for an elective share within the statutory time.

The personal representative filed an inventory on October 18, 1977. On February 28, 1979, Hesemann filed a "Petition for Inventory and Accounting," and alleged that he had not received a complete inventory and accounting. No action was taken on the Hesemann petition, and on February 14, 1980, Hesemann filed a "Motion to Compell [sic] an Inventory and Accounting." The county court, on May 2, 1980, heard Hesemann's petition and motion, and on May 30 ordered the personal representative to file an accounting, with a copy of this item furnished to Hesemann. The court also ordered Hesemann to file a "Formal Pleading incorporating all of the requests of the said Bernard H. Hesemann." The court did not specify the time for filing the accounting, delivering of a copy of the accounting to Hesemann, or filing the "Formal Pleading" by Hesemann. No action was taken until Hesemann filed an "Application for Leave to File 'Petition for Elective Share' " on December 30, 1980, alleging that attorney Powell had made fraudulent representations that Hesemann's election could cause possible tax problems and that "there would possibly be estrangement" of the nieces, Joyce and Underwood. On March 6, 1981, the county court granted leave to Hesemann "to call his Application For Leave To File 'PETITION FOR ELECTIVE SHARE' " for hearing upon

the merits, provided there was a hearing within 6 months from March 6, 1981. At a hearing on September 3, 1981, the county court expressly stated that the petition for Hesemann's elective share "was made after the statutory time for making said election had run and said election is hereby found to be without merit or foundation and is hereby denied and rejected." On September 3 the court also ordered the personal representative to make the accounting previously ordered on May 30, 1980. The personal representative was given 30 days from September 3 to render the accounting, and upon receipt of a copy of the accounting Hesemann was given 15 days to object.

On October 1 the personal representative filed the same inventory which he had originally filed October 18, 1977. On October 15 Hesemann filed an objection to the inventory and listed items of personal property missing from the inventory. The personal representative, by deposition, had earlier admitted that certain items of personal property were omitted from the inventory, including an irrigation pipe, jewelry, and a piano belonging to the decedent, Martha. On December 3 the county court dismissed Hesemann's objection to the accounting as "untimely," ruling that, after the court had ordered a formal pleading incorporating all requests, Hesemann had responded to and complied with that order by filing the "Application for Leave to File 'Petition for Elective Share.'" Any filing after such application was therefore untimely, according to the ruling of the county court. The District Court affirmed the orders of the county court.

On the issue of timeliness of filing for the elective share, Neb. Rev. Stat. § 30-2317(a) (Reissue 1979) is applicable. The statute states: "The surviving spouse may elect to take his elective share in the augmented estate by filing . . . a petition for the elective share within six months after the first publication of notice to creditors . . . or within one year

after the date of death, whichever time limitation first expires. The court may extend the time for election as it sees fit for cause shown by the surviving spouse before the time for election has expired."

Hesemann did not file a petition for his elective share within 1 year after Martha's death. Hesemann alleges that he failed to file the petition for his elective share as a result of Powell's misrepresentations as the attorney for the personal representative. The record reflects not that attorney Powell made any misrepresentations to Hesemann, but, rather, that Powell dealt forthrightly in answering Hesemann's inquiries and informing him about possible consequences of taking an elective share. The elements of fraud have not been established by Hesemann. Fraud is based on misrepresentation of a material fact. See *Ames Bank v. Hahn*, 205 Neb. 353, 287 N.W.2d 687 (1980). Powell's comments were nothing more than predictions or possibilities which might occur if Hesemann took an elective share of Martha's estate. Statements regarding the possibility of future events cannot constitute fraud under the circumstances. 37 Am. Jur. 2d *Fraud and Deceit* § 57 (1968). Consequently, Hesemann has presented neither facts nor law which entitles him to file his petition after expiration of the time prescribed by § 30-2317. The order denying Hesemann's request to file a petition for an elective share is therefore affirmed.

Regarding the issue of Hesemann's timeliness in objecting to the inventory filed by the personal representative, we find that the court abused its discretion in determining that the objection was untimely. See, 61A Am. Jur. 2d *Pleading* § 355 (1981); *Von Seggern v. Kassmeier Implement*, 195 Neb. 791, 240 N.W.2d 842 (1976). The September 1981 order regarding the accounting allowed Hesemann 15 days within which to object after receipt of the accounting. He did object within the allotted 15 days. Therefore, Hesemann's objection was timely. This

matter is remanded for further proceedings in reference to Hesemann's objection to the personal representative's accounting.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.